STATE EX REL. FIDELITY & CASUALTY COMPANY OF NEW YORK, RELATOR, *v.* ROTWITT, SEC-RETARY OF STATE, RESPONDENT.

[Submitted March 25, 1896.    Decided March 30, 1896.]

FOREIGN INSURANCE COMPANY—*Agent to receive process—Mandamus to compel filing of certificate.*—A foreign insurance company is not required to file a copy of its charter or articles of incorporation with the secretary of state, and where such company has fully complied with the statutory requirements relative to foreign insurance companies and has filed with the state auditor all papers required by the provisions of the Civil Code relating to stock and mutual insurance corporations (§§ 669, 670) it may compel the secretary of state by *mandamus* to file in his office a certificate designating an agent to receive process as required by section 1036 of the Civil Code. (*State ex rel. Aachen* v. *Munich Fire Insurance Co.,* 17 Mont. 41, cited.)

ORIGINAL PROCEEDING.    Application for writ of *mandamus* to compel secretary of state to file relator's certificate designating an agent to receive process.    Writ granted.

Statement of the case by the justice delivering the opinion

The petitioner is an insurance corporation, organized and existing under the laws of the state of New York. Its purposes are to take insurance upon the health and against personal injury, disablement, or death resulting from traveling or

general accident by land or water, and guarantying the fidelity of persons holding places of trust, and in general to insure against loss, damage or liability which may be the subject of legal insurance, except the risks included in fire, marine and life insurance.

The petitioner alleges full compliance with the insurance laws in relation to the filing the name of an agent to receive process with the auditor of the state, and the certified copy of its charter, together with the detailed statements as required by section 583 *et seq.* of the Fifth Division of the Compiled Statutes of Montana, and generally that it has complied with the provisions of sections 669 and 670 of Chapter 1, Title IV of Part IV of Division 1 of the Civil Code. The petitioner avers that the certificate of authority and license to do business as issued by the auditor of the state is still in force and effect; that the petitioner presented to the defendant, as secretary of state, a certificate appointing an agent, together with the consent of the person so appointed to act as such agent, and demanded that the certificate and consent be filed in the office of the secretary of state, and tendered to the secretary the fee for such filing, together with the sum of five dollars, but that the defendant refused to accept or file said certificate and refused the tendered fee therefor.

An alternative writ of mandate was issued. Demurrer was filed on the ground that the petition did not state facts sufficient to entitle the petitioner to relief.

*McConnell, Gunn & McConnell,* for Relator.

*Henri J. Haskell,* Attorney General, and *Ella K. Haskell,* for Respondent.

HUNT, J.—It appears by the averments of the petition that the plaintiff has complied fully with the statutes of the state relative to foreign insurance companies, and has filed with the state auditor all papers and certified copies and statements required by Title IV, Chapter 1, of the Civil Code, relating to stock and mutual insurance corporations. By the authority of

the decision in *State* v. *Rotwitt,* 17 Mont. 41, the petitioner is not required to file a copy of its charter or articles of incorporation with the secretary of state. As the petitioner has tendered a certificate designating an agent to receive process, as required by section 1036, Civil Code, and the fee of five dollars for filing the same, it is unnecessary to decide whether or not such certificate is required by law to be filed in the respondent's office. Let the writ issue as prayed for.

PEMBERTON, C. J., and DE WITT, J., concur.