STATE ex rel. LONG et al. v. REXFORD, County Auditor.

The caucus law (Laws 1905, p. 145, c. 107) provides that all party nominations of candidates for county officers shall be made as provided for in the statute, and section 5 provides when county conventions for the purpose of nominating candidates for county officers shall be held.  The statute makes no provision for commissioner dis-

trict conventions. Prior to the statute, Rev. Pol. Code, § 810, provided that the different counties of the state should be divided into commissioner districts, and the commissioners selected from the districts, and that all conventions for the nomination of county commissioners should be held by the district from which the commissioner was to be selected, and only voters of that district to participate in the convention. Const. art. 9, § 6, declares that the Legislature shall provide by general law for county officers, and by Rev. Pol. Code, §§ 809-865, it appears that county government is intrusted to a body designated as a board of county commissioners. **Held,** that the statutory rule regarding party nominations for the office of county commissioner was changed by the act of 1905, and a Republican county convention alone could make Republican Party nominations for such office.

(Opinion filed, October 24, 1906.)

Mandamus by the state, on relation of M. B. Long and another, to compel Manson Rexford, as county auditor of Day county, to print the names of certain persons as Republican candidates for county commissioners on the ballots to be used at an election, and not to print the names of certain other persons as candidates. Writ awarded.

*Sears & Potter,* for relators. *Anderson & Waddel,* for opposing candidates.

HANEY, J. This original application for a writ of mandamus commanding the defendant, as auditor of Day county, to print the names of certain persons on the ballots to be used at the coming elections in that county, as Republican candidates for county commissioners, and to not print thereon the names of certain other persons as Republican candidates for the same office, was heard in connection with another original application for a similar writ on behalf of those sought to be excluded by this proceeding, and decided in favor of the relators herein. The reasons for such decision will now be given. It was stipulated by the parties that the Republican county convention, duly called and held in Day county at the time prescribed by law, nominated four candidates for the office of county commissioner, whose nominations were properly certified, the certificate being filed with the county auditor; that the call for such convention provided for the nomination of such candidates; that, while such convention was in session and when it was about to consider the question of nominating commis-

sioners, the duly elected delegates from the First and Fifth commissioner districts, who had been duly seated in such convention, withdrew therefrom to the rear part of the opera house, and, organizing themselves into two commissioner district conventions, proceeded to nominate a candidate for commissioner in each of such districts; that these district nominations were certified by the officers of each district convention, the certificates being filed with the county auditor; and that defendant, as county auditor, refused to print the names of either set of candidates upon the official ballots.

An organized political party cannot have, at one time, more than one candidate for the same office. If the county convention was authorized to nominate county commissioners, the names of its nominees are the only ones which can lawfully be printed on the ballots as Republican candidates for that office. State v. Metcalf, 18 S. D. 393, 100 N. W. 923. The so-called "Caucus Law" (chapter 107, p. 145, Laws 1905) contains the following provisions:

"Section 1. All party nominations of candidates for representatives in Congress, state, judicial and county officers, presidential electors and delegates to the national, state and county conventions, shall be made in the manner herein provided. All other nominations for such candidates shall be by petition in the manner now provided by law, providing that no nominations made by petition shall be filed previous to making of nominations under this act, and no name of a party or ticket nominated by petition shall contain the name or part of the name of a party ticket nominated under the provisions of this act."

"Sec. 5. All party county conventions held for the purpose of nominating candidates for county officers and members of the Legislature shall be held on the first Tuesday after the third Monday in September next preceding the election at which such candidates are voted on."

It also prescribes the time for holding conventions for the purpose of nominating federal and state officers, circuit judges, and members of the Legislature, where more than one county is embraced by a senatorial or legislative district. It makes no provision for commissioner district conventions. Prior to its enactment, the

statute provided that "the different counties of the state shall be divided into commissioner districts, and the commissioner selected from districts, and all conventions for the nomination of county commissioners shall be held by the district from which the commissioner is to be selected, and only voters of that district shall participate in said convention, but the whole county shall vote on each commissioner the same as on other county officers." Rev. Pol. Code, § 810. Clearly the caucus law requires all candidates for county officers to be nominated by the county convention; the plain and unambiguous language of the act can be given no other interpretation; and if county commissioners are county officers there is an irreconcilable conflict between its provisions and the former law with respect to the method of making party nominations for that office. "Although repeals by implication are not favored, two irreconcilably repugnant acts passed at different times, relating to the same subject, cannot stand together, and the latter operates to repeal the former." Busby v. Riley, 6 S. D. 401, 61 N. W. 164. That county commissioners are county officers in the ordinary and legal sense of the term, is too plain to require extended argument. "Officers, with regard to the public body for which they act, are officers of the general government, state officers, county officers, and municipal officers." 23 Am. & Eng. Ency. (2d Ed.) 327. "An officers of the county is one by whom the county performs its usual political functions, its functions of government." Id. 328; Sheboygan County v. Parker, 3 Wall. (U. S.) 93, 18 L. Ed. 33; State v. Brennan, 49 Ohio St. 33, 29 N. E. 593; In re Carpenter, 7 Barb. (N. Y.) 30; In re Whiting, 2 Barb. (N. Y.) 513. The office of county commissioner in this state exists by reason of legislation authorized by the Constitution, which declares that "the Legislature shall provide by general law for such county, township and district officers as may be deemed necessary." Const. art. 9, § 6. An examination of such legislation will disclose that the county government is intrusted to a body designated as "a board of county commissioners"; that the numerous powers and duties of such commissioners almost exclusively relate to county affairs; and that they are elected by all the voters of the county, "the same as other county officers." Rev. Pol. Code, §§ 809-865. There is,

therefore, no escape from the conclusion that the statutory rule regarding party nominations for this office was changed by the act of 1905—a conclusion demanded by the language of the act itself and consistent with sound public policy, because it is strictly in accord with the spirit of popular elections that, where an officer is to be elected by all the voters of any given territory, the nomination of a candidate to represent any political organization should be participated in by all the members of such organization in such territory. State v. Rotwitt, 18 Mont. 502, 44 Pac. 407. So it clearly was competent for this county convention to nominate county commissioners. It alone could make Republican Party nominations. And it is immaterial whether a different method had been followed for years in Day county, as all party customs must necessarily yield to regulations established by law.

For these reasons the relators in this proceeding were given the relief prayed, and the application on behalf of the candidates nominated by the district conventions was dismissed.

CORSON, J., having been absent, has taken no part in this decision.