## GRAY v. BOARD OF COUNTY COMMISSIONERS OF BEADLE COUNTY et al.

Mandamus is a proper proceeding to require members of a board of county commissioners to recognize plaintiff as a commissioner and to restore to him the office from which he alleges himself to have been wrongfully excluded, though plaintiff might have appealed from the decision of the board declaring his office vacant.

Rev. Pol. Code, § 1802, provides that every office shall be vacant on the officer ceasing to be a resident of the state, district, county, or precinct in which the duties of his office are to be exercised or for which he may have been elected, and section 810, as amended by Laws 1905, provides for the nomination of county commissioners by the county instead of by commissioner district conventions. **Held,** that the term "district" as used in section 1802 referred to a subdivision of the state embracing more than one county, so that a county commmissioner did not disqualify himself by removing to a different commissioner district from that in which he was elected, within the same county.

(Opinion filed, December 10, 1906.)

Appeal from Circuit Court, Beadle County. Hon. CHAS. S. WHITING, Judge.

Application for a peremptory writ of mandamus by F. B. Gray against the board of county commmissioners of Beadle county, etc. From an order sustaining a demurrer to the application, petitioner appeals. Reversed with directions.

*Henry C. Hinckley* and *W. A. Lynch,* for appellant.

A commissioner may remove out of the district from which he was elected without creating a vacancy in his office. State ex rel

v. Board of Supervisors of Milwaukee County, 21 Wis. 449; State ex rel Malloy v. Skirving, 27 N. W. 723; Smith v. State, 24 Ind. 101. A law requiring county commissioners to reside in particular districts and creating a vacancy when a commissioner moves out of the district in which he was elected is unconstitutional. Sections 5, 6, 7, Art. 9, Const.          .          .          :          .

*C. A. Kelley, State's Atty., Crawford, Taylor & Fairbank,* for respondent.

(1) Sec. 7 Art. 9 of Constitution: All county, township and district officers shall be electors in the county, township or district in which they are elected. (2) Sec. 6, Art.: 9 of Constitution: The legislature shall provide by general law for such county, township and district officers as may be deemed necessary and shall prescribe the duties and compensation of all county, township and district officers. (3) Chap. 12 of Pol. Code passed in 1885: Sec. 769, Art. 2 of said Chapter, page 141, provides: "The County Commissioners, elected or appointed under the provisions of this article, shall have the power to divide the county into three commissioner districts, which shall be numbered from one to three, and which said districts may be increased and the boundaries thereof changed, as provided by law, and one commissioner shall be elected from each district at the next general election after such organization, two of whom shall be chosen for two years and one for four years, and thereafter as provided by law." Art. 3 provides for the changing of county lines passed in 1893. Section 788 of said article provides for dividing the county in five commissioner districts and section 789 again provides for the election of the five commissioners, as follows: Sec. 1802, page 309, Rev. Pol. Code: "Every office shall become vacant on the happening of either of the following events before the expiration of the term of such office: 1. The death of the incumbent; 2. His resignation; 3. His removal from office; 4. Failure to qualify as provided by law; 5. His ceasing to be a resident of the state, district, county, township or precinct in which the duties of his office are to be exercised, or for which he may have been elected.

HANEY, J. This appeal is from an order sustaining a demurrer to the plaintiff's application for a peremptory writ of man-

damus and a judgment dismissing the proceeding. It appears upon the face of the application that Beadle county was and is divided into five commissioner districts; that in 1902 the plaintiff was elected county commissioner from the Second district for the term commencing January 1, 1903, and ending January 1, 1907; that he duly qualified and entered upon the discharge of his official duties, continuing to perform the same until excluded from such office as hereinafter stated; that he resided in the Second district from a time prior to his election until June 2, 1906, when he removed therefrom and became a resident of the Third district; that on July 12, 1906, the defendants Miller, Ray, and Barnes, acting as the board of county commmissioners, adopted a resolution declaring the office of county commissioner from the Second district vacant by reason of the plaintiff's removal; that thereupon all the defendants proceeded to appoint one James Borah to fill such alleged vacancy; that, since the adoption of such resolution, the defendants Miller, Ray, Barnes, and Ruggles have refused to recognize the plaintiff as a commissioner and have refused to allow him to discharge the duties of his office; that Borah has not qualified or attempted to exercise the functions of the office; and that the plaintiff has no plain, speedy, and adequate remedy in the ordinary course of the law. The grounds of the demurrer were stated thus: "(1) That the application does not state facts sufficient to constitute a cause of action. (2) That it does not state facts sufficient to warrant the court in issuing a permanent writ of mandamus. (3) That the plaintiff has a plain, adequate, and speedy remedy by means of an appeal from the decision of the county commissioners of Beadle county that the office of county commissioner of the Second district is vacant." It having been the object of the proceeding to require the defendants to recognize the plaintiff as commissioner and to restore the office from which he is alleged to have been wrongfully excluded, mandamus was a proper remedy whether or not the plaintiff might have appealed from the decision of the board declaring his office vacant. Howard v. Burns, 14 S. D. 383, 85 N. W. 920; Pratt v. Board, 15 Utah, 1, 49 Pac. 747. Defendants' authority to exclude the plaintiff from this office, if it existed, was derived from the following provision of the statute:

"Every office shall become vacant on the happening of either of the following events before the expiration of the term of such office: 1. The death of the incumbent. * * * 5. His ceasing to be a resident of the state, district, county, township or precinct in which the duties of his office are to be exercised or for which he may have been elected." Revised Pol. Code, § 1802. "The different counties of the state shall be divided into commissioner districts, and the commissioners selected from the districts, and all conventions for the nomination of county commissioners shall be held by the district from which the commissioner is to be selected, and only voters of that district shall participate in said convention but the whole county shall vote on each commissioner the same as on other county officers." Rev. Pol. Code § 810. The last section was so amended in 1905 that commissioners are now nominated by county instead of by commissioner district conventions, and they are to be regarded as county officers. State v. Rexford, 21 S. D. — 109 N. W. 216. Having been duly elected, eligible when elected, and having faithfully discharged his official duties the plaintiff should not be deprived of his office before the expiration of the period for which he was chosen, unless his case falls clearly within the terms of the statute. The arrangement of the words "state, district, county, township or precinct" indicates that the word "district" was designed to designate a subdivision embracing more than one county. The conclusion that such was the legislative intent is greatly strengthened, if not conclusively established, by the language of the next succeeding section which in part reads thus: "Resignations may be made as follows: 1. Of all state and district officers, either elective or appointive, and all county judges to the Governor." Then follow provisions relating to members and officers of the Legislature, elective county officers, except county judge, officers of civil townships, and all officers holding by appointment. Rev. Pol. Code, § 1803. Such being the meaning of the word "district" as used in the provision relied upon by the defendants and the words "state," "township," and "precinct," manifestly having no reference to commissioner districts it necessarily follows that the office of county commissioner becomes vacant before the expiration of the term of such office on the incumbent ceasing to

be a resident of the county in which the duties of his office are to be exercised, or for which he may have been elected. It affirmatively appears that this event did not happen. Plaintiff ceased to be a resident of the Second commissioner district but did not cease to be a resident of Beadle county. Therefore, his office did not become vacant and he was wrongfully excluded therefrom. · There may be adjudications which appear to conflict with this concusion, but in determinling such a question, as said by the Supreme Court of Nebraska, "little aid can be obtained from adjudged cases. It is one that rests entirely upon the construction to be given to the various provisions of our statutes relating to the subject." State v. Skirving, 27 N. W. 723. Whether the residence of a person, provided it be within the territory for which he is to act, should be considered in selecting public officers is a debatable question of public policy which should not influence this court in construing the statute under discussion. Nor does it follow, because the Legislature has created a county office and provided that none shall be eligible thereto except electors residing in a certain subdivision (assuming it has power under the Constitution to do so), that it must also provide that removal from such subdivision to another place in the county shall operate to render the office vacant. This plaintiff was elected by and to act for the entire county. To assume that his removal from one commissioner district to another a few months before the expiration of his term would in itself render his services less efficient or less acceptable would be simply absurd. The case involves nothing more than the ordinary rules of statutory construction.

The judgment of the circuit court is reversed, with directions to enter judgment for the plaintiff.

CORSON, J., not sitting.