SMITH, Plaintiff, v. WARD, County Auditor, Defendant.

(197 N. W. 684.)

(File No. 5597.   Opinion filed March 4, 1924.)

1. Elections—Primary Elections—Political Parties—Political Party May Not Propose for Nomination at Primary Election Candidates of Another Party.

Under primary election law (Rev. Code 1919, Secs. 7097-7200), a political party may not propose for nomination under the primary election law candidates of another political party,

notwithstanding section 7241, providing "the name of no candidate shall appear more than once on the ballot for the same office; provided, that if any candidate be nominated by more than one political party for the same office, such candidate may choose the nomination he will accept."

2. **Elections—Mandamus——Ballot—Constitutional Law—Denial of Writ Requiring Placing of Names of One Party's Nominees on Ballot of Another Held Not Violation of Constitutional Right.**

Denial of a peremptory writ requiring the county auditor to place the names of candidates of one party for a particular office on a ballot of another party held not a violation of the constitutional right of the electors, it being within the proper sphere of the Legislature to make reasonable regulations respecting primary elections, and the requirement that political nominees or proposed nominees shall be members of the party proposing them is reasonable.

Dillon, J., dissenting.

Original proceeding by H. W. Smith for a writ of mandamus to be directed to F. E. Ward as county auditor in and for the County of Minnehaha. Writ denied, and proceeding dismissed.

*Holton Davenport,* of Sioux Falls, for Plaintiff.

*Waggoner & Stordahl,* of Sioux Falls, for Defendant.

GATES, J. At the adjourned county proposal meeting of the Democratic party held in Minnehaha county on the fourth Tuesday of December, 1923, pursuant to the provisions of section 7107, Rev. Code 1919, candidates to be voted for at the March, 1924, primary for the several county and legislative offices were unanimously proposed. No opposition having developed thereto, the names of such candidates will not appear upon the Democratic primary ballot, but they automatically become the party candidates at the fall election. Rev. Code 1919, § 7133.

At the adjourned county proposal meeting of the Farmer-Labor party held in the same date, a complete list of candidates for the several county and legislative offices was proposed. On the next day a protesting party proposal was filed with the county auditor by six of the proposalmen of the Famer-Labor party, which proposed for nomination the entire list of candidates for county and legislative offices which had been proposed by the Democratic party. Except for a few withdrawals all of the candidates proposed by the Democratic party and by the two propo-

sals from the Farmer-Labor party have qualified as proposed nominees.

The defendant, county auditor, has refused to cause the names of such candidates proposed by the protesting proposalmen of the Farmer-Labor party to be printed on the Farmer-Labor ballot to be voted at the March, 1924, primary. This proceeding in mandamus is brought to compel such refused act.

[1] The fundamental question before us is as to the right of a political party to propose for nomination under the primary election law candidates of another political party. Plaintiff asserts the propriety of such act. Defendant asserts its impropriety.

The following provision of section 7241, Rev. Code 1919, would seem to support plaintiff's theory:

" * * * But the name of no candidate shall appear more than once on the ballot for the same office; provided, that if any candidate be nominated by more than one political party for the same office, such candidate may choose the nomination he will accept."

Standing alone, that provision would justify plaintiff's contention, but the provisions of our primary election law (sections 7097-7200, Rev Code 1919) are clearly to the contrary. Section 7097 declares that the primary law shall not be interpreted or construed so as "to hinder responsive and responsible party government, which is the purpose of this political party law." That provision alone refutes the contention of the plaintiff. The granting of relief to plaintiff in this case would violate the letter as well as the spirit of that provision. But there are other sections that show the intent of the act. Section 7117, relating to individual proposal petitions, and section 7122, relating to representative proposals, are utterly inconsistent with the view that one political party may propose for nomination members of another political party. And the declaration to be signed by a proposed candidate contemplates that such candidate is a member of the political party which proposes him. By signing such declaration he, in effect, declares himself to be a member of such party, because he promises to abide the result of the party recall. But plaintiff says that in the present case these candidates have promised to abide the result of the party recall of both the Democratic and Farmer-Labor parties. Such a position is incongruous. No per-

son can serve two masters. If one party would wish him recalled and the other did not, to which would he owe obedience? Why any more to one than to the other?

So we are convinced that the clear purport of the primary election law in its effort to effectuate responsive and responsible party government requires that a political party shall choose its candidates from its own party. Nor do we think that section 7241, supra, a provision of the general election law, should militate against such conclusion. The history of that provision is interesting. It first appeared in section 1, c. 80, Laws 1893, as follows:

"But the name of no candidate shall appear more than once on the ballot for the same office and no party shall nominate a candidate for an office whose name appears as a candidate by another party for a 'different office."

This was continued in chapter 87, Laws 1895, but in section 19, c. 60, Laws 1897, the prohibition against the name of a candidate for the same office appearing more than once on the ballot was removed, and only the latter portion retained. In 1901 by chapter 119, however, the law was enacted substantially in its present form. If the present case had arisen before the 1919 revision, we would have no hesitancy in declaring that the portion of the provision had been repealed by the primary election law which recognized the right of two·political parties to nominate the same person for the same office, except as to judicial candidates. By reason of the permission in the primary law, as it then existed, for the party indorsement of judicial candidates there was a reason for the retention in the general election law of the above provision, and we think that was the only reason justifying it.

[2] It is urged that the denial of the peremptory writ will violate a constitutional right of the electors, and we are particularly referred to Hopper v. Britt, 204 N. Y. 524, 98 N. E. 86. A study of that case fails to convince us of its soundness.

We are of the opinion that it is within the proper sphere of the Legislature to make such reasonable regulations respecting primary elections as it deems advisable. In State v. Metcalf, 18 S. D. 393, 100 N. W. 923, 67 L. R. A. 331, this court said:

"To what extent, if at all, the rights of organized political

parties should be recognized and regulated by law, is a matter of public policy, to be determined by the legislative department; a matter which does not concern this court. Its duty is done when it gives effect to the legislative will as expressed in statutes which do not conflict with any provision of the federal or state Constitution."

And in Healey v. Wipf, 22 S. D. 343, 117 N. W. 521, this court said:

"In considering legislation relating to the regulation of party nominations, great care should be taken to discriminate between preconceived notions regarding the wisdom of such regulations and the application of constitutional limitations upon the legislative power. The elective franchise is not a natural right. It is a privilege which may be taken away by the power which conferred it; and the only limitations upon the power of the Legislature to regulate its exercise and enjoyment are the express and implied limitations found in the federal and state Constitutions."

It is not unreasonable for the Legislature to require that political party nominees or proposed nominees shall be members of the party proposing them. It is not an unreasonable regulation to require members of the Farmer-Labor party who desire to vote at the fall election for the Democratic nominees for county and legislative offices to go over to another column of the ballot to mark crosses for such candidates. By the showing made before us it appears that, if this writ should be granted and these candidates should defeat the candidates proposed by the majority faction of the Farmer-Labor party, then it is their intention to withdraw their names from the Democratic column of the ballot and to have their names appear only in the Farmer-Labor column. Would not such a step be as unreasonable as the other? Would it not be just as unreasonable for the Democratic electors to be required to go over to the Farmer-Labor column of the ballot to vote for these candidates as for the Farmer-Labor electors to be required to go over to the Democratic column to vote for these candidates?

We perceive no constitutional question in the matter before us.

The peremptory writ of mandamus will be denied, and the proceeding will be dismissed.

DILLON, J., dissents.

Note.—Reported in 197 N. W. 684.  See, Headnote, American Key-Numbered Digest, (1) Elections, Key-No. 123, 20 C. J. Sec. 138; (2) Elections, Key-No. 21, 20 C. J. Secs. 138, 90.

On provisions regulating independent nominations, see note in 41 L. R. A. (N. S.) 140.