STATE, ex rel, JACOBSEN, Plaintiff, v. MORRISON, Secretary of State, Defendant.

(256 N. W. 150.)

(File No. 7725. Opinion filed August 4, 1934.)

*Martens & Goldsmith,* of Pierre, and *T. G. Wall,* of Sturgis, for Plaintiff.

*Walter Conway,* Atty. Genl., and *R. F. Drewry,* Asst. Atty. Gen., for Defendant.

ROBERTS, P. J., Chapter 118, Laws 1929, provides for the holding of primary elections for the purpose of making party nominations. Section 4 of this chapter provides that no candidate for nomination to be made at a primary election shall have his name printed upon the official primary election ballot of his party unless at least 30 days prior to the date of such election a petition shall have been filed in his behalf in the office of the secretary of state for offices to be filled by districts containing more than one county; that such petition shall be signed by not less than 2 nor more than 5 per cent of the duly qualified party electors of the political party of which the candidate is a member, as shown by the vote cast at the last general election in the district for the candidate of his party for Governor; and that no person shall sign the nominating petitions of more than the number of candidates required to be nominated for the same office.

The Thirty-Ninth senatorial district, consisting of Butte and Lawrence counties, is entitled to elect two senators to the Legislature. Section 5076, Rev Code 1919. It is set forth in the complaint that there was filed on the 15th day of March 1934, in the office of the secretary of state a valid and sufficient petition naming the relator as a candidate for the Democratic nomination to be made at the primary election for state senator from the Thirty-Ninth senatorial district; that thereafter petitions were also filed in the office of the secretary of state naming Elmer D. Richards and C. E. Curran as Democratic candidates for nomination; that it appears upon the face of the petitions that nine of the persons signing the Richards' petition had previously signed the petitions of the relator and C. E. Curran; that the number of signatures of persons who were entitled to sign the Richards' petition

was less than 2 per cent of the duly qualified electors of the Democratic party in the district as shown by the vote cast therein at the general election held in November, 1932, for the Democratic candidate for Governor; and that the defendant threatens to, and unless restrained by this court will, transmit and certify the name of Richards as a candidate to the auditors of Butte and Lawrence counties. Upon the verified complaint and affidavit of the relator an order requiring defendant to show cause before this court why this court should not issue its writ prohibiting and enjoining the defendant as secretary of state from transmitting and certifying the name of Richards as one of the Democratic candidates for senator from the Thirty-Ninth senatorial district and further ordering and directing the defendant to certify and transmit the name of the relator as one of such candidates was issued. Defendant moved to quash the order and demurred to the application and complaint upon the grounds that it appears upon the face of the affidavit and complaint that there is a defect of parties defendant, Elmer D. Richards being named and shown therein to be a party in interest; and that no facts sufficient to constitute a cause of action or to entitle relator to the relief demanded are stated. Further answering, defendant alleges that the names of the relator and the two opposing candidates for nomination appeared upon the primary election ballot of the Democratic Party at the election held on May 1, 1934; that the two opposing candidates received the highest number of votes; that certificates of nomination were issued to them by the state canvassing board, and that no objection to the sufficiency of the Richards' petition was made by the relator until after the returns of the primary election had been canvassed and certificates of nomination had been issued and mailed to the successful candidates. In oral argument these facts were conceded. Respondent admits that, unless otherwise directed, she will transmit and certify the name of Richards as a candidate to be printed on the general election ballot.

The secretary of state in certifying the names of nominees to the several county auditors acts only in a ministerial capacity. State ex rel McNulty v. Glasner, 33 S. D. 241, 145 N. W. 547. If the secretary of state is merely proposing to follow the plain mandate of the election laws, this court would have no authority to order her to do otherwise.

In Jacobs v. Pyle, 52 S. D. 537, 219 N. W. 247, a petition proposing a candidate for nomination was declared to be insufficient for duplication of signatures and other defects apparent from an examination of the petition and the secretary of state was enjoined from certifying the name of the candidate in whose behalf the petition was filed. Such proceeding was instituted prior to the certifying of names of candidates by the secretary of state for the primary election. In State ex rel Hitchcock v. Till, 50 S. D. 346, 210 N. W. 157, the relator who had failed to file a declaration that, if nominated and elected, he would qualify, adhere to proclaimed party principles, and obey a party recall if it were invoked, sought to compel the county auditor to place his name on the general election ballot. No candidate was entitled under the then existing law to have his name placed on the ballot as a party candidate unless within the statutory period he filed such declaration. Where a petition is filed and a candidate has no apposition within his party, his name is not printed on the primary ballot and the petition constitutes in effect a certificate of nomination. Section 8, c. 118, Laws 1929. A similar provision was then in force. There was no contest for nomination in the primary election, and relator in that proceeding having failed to complete his proposal petition, which was apparent from an examination of the petition, was not entitled to a mandate requiring the auditor to cause his name to be printed upon the general election ballot.

We need not now inquire whether an error or omission occurred in the placing of the name of Richards as a candidate on the official primary election ballot. The information upon which the secretary of state will act in certifying the names of two Democratic candidates for the senate from the Thirty-Ninth senatorial district is not that contained in the petitions filed in her office. This, of course, would not be the situation if there had been no contest in the primary. Where nominations are made at the primary election, the state canvassing board is required to "issue and mail to each person whom the returns show nominated for any congressional, state, circuit, district, and joint legislative district office, a formal certificate of nomination, and certify the names of such nominees to be printed upon the official ballot at the succeeding November election." Section 41, c. 118, Laws 1929. Not less than 85 nor more than 89 days before the general election,

the secretary of state is required to certify to the several county auditors the names of nominees as specified by the certificates of nomination filed in her office. Sections 7204, 7207, Rev. Code 1919. The certificate of the canvassing board, when it purports to be made in full accord with the law, subject to the statutory right of a candidate to withdraw, is conclusive on the secretary of state. When it is no longer within the power of an officer to perform the duty sought to be enforced, a writ against such officer will not issue.

The demurrer is therefore sustained.

CAMPBELL, WARREN, and RUDOLPH, JJ., concur.

POLLEY, J., not sitting.