STATE ex rel. BAKEWELL, Plaintiff, v. HANSEN,
County Auditor, et al, Defendant

(294 N. W. 445.)

(File No. 8443. Opinion filed October 30, 1940.)
Rehearing Denied November 2, 1940.

**Paul Bakewell,** of Plankinton, **C. S. Whiting** and **H. T. Fuller,** both of Mitchell, and **George E. Longstaff** and **Max Royhl,** both of Huron, for Plaintiff.

**Lynn Fellows,** State's Atty., of Plankinton, for Defendant H. P. Hansen, County Auditor.

**Danforth & Seacat,** of Mitchell, for other defendants.

PER CURIAM. Plaintiff Paul Bakewell, Republican candidate for state's attorney of Aurora County, applied on

September 27, 1940, to the circuit court of that county for a writ of prohibition to prevent the county auditor from printing the name of Walter C. Miller as the Democratic candidate for state's attorney on the official ballots to be voted at the coming general election. The county auditor filed an answer and Miller was granted leave to file a complaint in intervention. Evidence was introduced by the parties and thereafter on October 9, 1940, the trial court entered an order vacating the alternative writ of prohibition restraining the county auditor from printing upon the general election ballot the name of the intervener as a candidate for state's attorney.

Under SDC 16.0210 a candidate is required to attach to his primary nominating petition a declaration that he is "legally eligible for the office" for which he is a candidate. The material facts are undisputed. Intervener signed a declaration stating that he was legally eligible for the office of state's attorney. He was not then licensed to practice, but upon graduation from the Law School of the University of this state in June, 1940, was admitted to the practice of law. There was no contest for nomination in the primary election. Plaintiff urged before the trial court that intervener not having been admitted to practice at the time of signing the declaration and filing of his nominating petition was not eligible under the Constitution and statutes of this state to hold the office of state's attorney and not possessing the requisite qualifications for the office was not duly nominated. Intervener contended in the trial court that the requirements of the Constitution, §§ 24 and 25, Article V, are satisfied if a candidate for state's attorney is duly licensed to practice as an attorney at the time of his election and that the declaration required by the primary law adds to the qualifications as prescribed by the Constitution and is therefore unconstitutional.

Plaintiff applied to this court on October 16, 1940, for an order to show cause directed to the Hon. Vernon R. Sickel, one of the judges of the Fourth Judicial Circuit, requiring him to show cause in this court why the order setting aside the alternative writ of prohibition should not

be vacated and the relief as prayed for by plaintiff be granted. Plaintiff seeks to have this court exercise its power of superintending control over inferior courts, asserting that there exists no other adequate remedy by appeal or otherwise and that injustice would result to the plaintiff if this court refused to exercise its superintending control. It is contended that if the name of intervener should appear upon the election ballot and if he should receive the higher number of votes cast at the election it would be of no avail to the plaintiff later to have it adjudicated on appeal that intervener was ineligible; that this result would render the purported election nugatory and cause a vacancy in the office to be filled by appointment; and that if the eligibility of intervener is not now determined plaintiff may be deprived of the office.

■ It is not necessary to discuss the general superintending control vested in the Supreme Court by Section 2, Article V of the Constitution. Conceding that plaintiff has made such a showing of an extraordinary and unusual situation where the usual remedial procedure is inadequate as to bring the proceeding within the supervisory power of this court, we are of the opinion that under the facts revealed by the record the ruling of the learned trial court that a writ of prohibition should not issue is not erroneous. Cf. State ex rel. Papke v. Denu, 66 S. D. 282, 281 N. W. 822.

We have made mention of SDC 16.0210 which provides that only those persons who have first filed a petition with the proper official, at a time and in a form prescribed, are entitled to have their names appear on the primary election ballot as candidates for party nomination. This statute provides that a sworn declaration of the candidate shall be attached to the petition in substantially the following form: "I, _____, being duly sworn, declare that I reside in _____ precinct, _____ County, South Dakota; that I am a legally qualified voter in said precinct, and legally eligible for the office for which I am a candidate; that I am a member of the _____ party and intend to vote the ticket of that party at the primary election to be held May _____, 19____, and at the general election

in November, and agree to abide by the result of the primary election in regard to my candidacy. If nominated and elected, I will qualify and serve as such officer." If a person is ineligible for an office, he is ineligible to become a candidate in the primary election. We need not consider whether this eligibility for office has reference to the time of signing the nominating petition or has reference to qualification applicable when elected or the term of office begins. There was no other candidate in the Democratic party for state's attorney, and the validity of intervenor's petition was not questioned before the primary election. The question is whether the candidate of the opposition party may now question the validity of the petition filed for the primary election.

In State ex rel. Jacobsen v. Morrison, 63 S. D. 31, 256 N. W. 150, plaintiff sought by writ of prohibition to restrain the secretary of state from certifying to the county auditors of the Thirty-Ninth Senatorial District the name of the successful candidate for state senator at the primary election on the ground that the petition of such candidate was not signed by the required number of qualified electors of the party of which he was a member. The plaintiff in that case having failed to take any proceedings to contest the sufficiency of the nominating petition of the rival candidate before the primary election was not heard to complain of the sufficiency of the petition after his defeat in the primary election and the issuance of a certificate of nomination. If intervener had become the nominee of his party for state's attorney as a result of a contest in the primary election, plaintiff would not now be heard, under the rule announced in State v. Morrison, supra, to complain that the nomination was void because of invalidity of the petition.

The name of a candidate having no opposition within his party is not printed on the primary ballot. SDC 16.0215. A nominating petition of such a candidate becomes in effect a certificate of nomination. If plaintiff has the right to restrain the printing of the name of intervener on the general election ballot, it rests alone on the statute requiring a declaration of eligibility in the nominating peti-

tion. We think that such an objection to the nominating petition which now has the effect of a certificate of nomination comes too late. The rule announced in State v. Morrison, supra, is equally applicable to the facts before us. The objection urged in the case of State ex rel. Hitchcock v. Till, 50 S. D. 346, 210 N. W. 157, was apparent from an examination of the petition. We need not now determine whether under the provisions of the existing primary election law this distinction is material.

We have given consideration to the other contentions of counsel and conclude that they are without merit.

The proceedings in this court are therefore dismissed.

All the Judges concur.