**STATE of South Dakota ex rel. Merwyn WALTER, Plaintiff,**

v.

**Rodney Eugene GUTZLER et al., Defendants.**

**No. 12122.**

Supreme Court of South Dakota.

Argued Jan. 13, 1977.

Decided Jan. 14, 1977.

272

Paul J. Dold, Miner County State's Atty., Howard, David V. Vrooman, Sioux Falls, for plaintiff.

William J. Srstka, Jr. of Duncan, Olinger & Srstka, Pierre, for defendant, Rodney Eugene Gutzler; Rollyn H. Samp, Sioux Falls, on the brief.

William J. Janklow, Atty. Gen., Donald D. Foreman, Asst. Atty. Gen., Pierre, for defendants, Richard Kneip and Lorna Herseth.

PER CURIAM.

During the general election held November 2, 1976, Merwyn Walter, relator, and Rodney Eugene Gutzler were rival candidates for the office of Representative from the Ninth Legislative District of South Dakota. In that election, Gutzler defeated the incumbent, Walter.

On December 30, 1976, relator, through Paul Dold, Miner County State's Attorney, applied for a writ of quo warranto in this court alleging that this court has jurisdiction under SDCL 15–25–1, SDCL 12–22–7 and South Dakota Constitution, Art. V, § 5. Supporting the application for a writ of quo warranto was a complaint and information in the nature of quo warranto, SDCL 21–28–2, and verified petition for withholding certificate of election. Contained within this complaint and verified petition were statements that Gutzler was not a duly qualified candidate under the South Dakota Constitution, Art. III, § 3, because he had not been a resident of the state for two years next preceding his election. Supporting this allegation were certified copies of voter registration records from New Hope, Minnesota, disclosing that Rodney Eugene Gutzler had sworn to be a resident of Minnesota and had voted there November 7, 1972 and November 5, 1974. Additionally, a copy of an authorization for removal from New Hope's voter registration list dated May 27, 1975, was attached to the petition. Also attached to the petition were various certified copies of personal property tax returns, disclosing that Rodney Eugene Gutzler had not filed personal property tax returns for the years 1970–1972 in McCook County, South Dakota, and a campaign advertisement for Rodney Gutzler in which statements were made that Rodney Gutzler had lived in Minnesota from 1968 to January 1975. Based upon the information contained within the complaint and verified petition, this court on December 30, 1976, granted plaintiff's request for an order requiring Rodney Gutzler to show cause by what right he is entitled to claim the office of Representative from the Ninth Legislative District; this court also granted an order restraining Governor Richard Kneip and Secretary of State Lorna Herseth from certifying Rodney Gutzler as a member of the house of representatives.

We dismiss the quo warranto proceeding in this instance as being beyond the jurisdiction of the judicial branch of our state government.

The eligibility for the office of representative is clearly stated in Art. III, § 3, of the South Dakota Constitution:

"No person shall be eligible to the office of representative who is not a qualified elector in the district from which he may be chosen, and a citizen of the United States, and who shall not have been a resident of the state or territory for two years next preceding his election, and who shall not have attained the age of twenty-five years."[1]

▮ Under our form of government, each branch—legislative, executive, and judicial—is equal, not superior, to the others. The powers and duties of each branch are prescribed by the constitution. South Dakota Constitution, Art. II. Each branch, so long as it acts within the limitations set by the constitution, may exercise those powers granted to it by the constitution without interference by the other branches of government. See *Northwestern Bell Tele. Co.*, 1942, 69 S.D. 36, 6 N.W.2d 165.

In the election of our state representatives and senators, the constitution provides:

"Each house shall be the judge of the election returns and qualifications of its own members." South Dakota Constitution, Art. III, § 9.

This provision has been construed in *State v. Circuit Court of Spink County,* 1934, 63 S.D. 313, 258 N.W. 278, to mean that the power of each house to pass upon the qualifications of its own members is exclusive or plenary.

▮ Although we today reaffirm the constitutional power of the house of representatives to judge the qualifications of its members, we would add that the power is restricted to its "members." Whether the eligibility of Gutzler as a candidate could have been properly challenged by judicial proceedings prior to the general election, we need not decide. See e.g., *Putnam v. Pyle,* 1930, 57 S.D. 250, 232 N.W. 20; *State v. Ostroot,* 1954, 75 S.D. 319, 64 N.W.2d 62; *State v. Hansen,* 1940, 67 S.D. 499, 294 N.W. 445; *State v. Metcalf,* 1904, 18 S.D. 393, 100 N.W. 923; *State v. Rexford,* 1906, 21 S.D. 86, 109 N.W. 216; *Smith v. Ward,* 1924, 47 S.D. 243, 197 N.W. 684; *Kneip v. Herseth,* 1974, 87 S.D. 642, 214 N.W.2d 93. See also 72 Am.Jur.2d, States, etc., § 44; 81 C.J.S. States § 34. However, once the general election has been held, the power to pass upon the qualifications of a candidate for representative is vested exclusively in the house of representatives.[2] *State v. Circuit Court of Spink County,* supra.

The quo warranto proceeding is dismissed and the order assuming jurisdiction and maintaining the status quo which enjoined and restrained Governor Richard Kneip and Secretary of State Lorna Herseth from certifying the election of Rodney Eugene Gutzler is hereby quashed.

All the Justices concur.

---

1. In considering residency requirements, see *Sununu v. Stark,* 1974, D.C.D.N.H., 383 F.Supp. 1287, affirmed, 1975, 420 U.S. 958, 95 S.Ct. 1346, 43 L.Ed.2d 435; 63 Am.Jur.2d, Public Officers and Employees, § 47; and Annot., 65 A.L.R.3d 1048. Chapter 1, § 3, S.L. 1974 and Ch. 2, § 3, S.L. 1975, as amended by Ch. 1, S.L. 1976, proposed amendments to the South Dakota Constitution which would have required that a candidate for the house of representatives or the senate need only be a qualified voter of the district. The constitutional amendments of Ch. 1, S.L. 1974, were rejected by the voters at the general election of November 5, 1974. Chapter 2, S.L. 1975, as amended by Ch. 1, S.L. 1976, was rejected by the voters at the general election of November 2, 1976.

2. The proposed constitutional amendments of Ch. 1, § 7, S.L. 1974, and Ch. 2, § 7, S.L. 1975, as amended by Ch. 1, S.L. 1976, would have permitted each house to vest in the judiciary the determination of its contested elections (but not the qualifications of its members), presently denied by South Dakota Constitution, Art. III, § 9, and SDCL 12–22–2.