[No. 645.    Decided August 12, 1892.]

The State of Washington, *on the Relation of Robert Stopper, et al., County Commissioners of Lewis County*, v. Edward F. Hunter, *Judge*.

### PROHIBITION—WHEN GRANTED.

When the superior court has ordered the sheriff of the county, under authority of Code Proc., § 48, to hire rooms suitable for a court room, sheriff's and clerk's offices, etc., and has directed the county auditor to draw a warrant in the sheriff's favor for the payment of the expenses incurred, the proper remedy on the part of the county commissioners in order to prevent such expenditure, is injunction and not prohibition.

*Original Application for Prohibition.*

*Reynolds & Stewart*, for relators.

The opinion of the court was delivered by

Stiles, J.—This is an application for a writ of prohibition against the respondent presented by the petitioners, who are the commissioners of Lewis county.    The petitioners complain that an order has been made by respondent, as Judge of the superior court of Lewis county, in favor of one Barnett, sheriff of that county, for the sum of $230.88, for rent and other expenses of rooms hired by said sheriff to be used as a court room, and clerk's office, sheriff's

office, etc., under the provisions of § 48, Code Proc. That section is as follows:

" If the proper authority neglects to provide any supreme or superior court with rooms, furniture, fuel, lights and stationery, suitable and sufficient for the transaction of its business and for the jury attending upon it, if there be one, the court may order the sheriff to do so, at the place within the county designated by law for holding such court; and the expense incurred by the sheriff in carrying such order into effect, when ascertained and ordered to be paid by the court, is a charge upon the county."

In addition to the order allowing the claim of the sheriff, it is shown that the court has entertained proceedings in *mandamus* to compel the county auditor to issue a warrant to the sheriff in the sum allowed. The auditor has appealed from the judgment against him in the *mandamus* proceedings, which appeal is now pending in this court, and under said appeal all proceedings on the part of the superior court and the respondent are stayed. The petitioners here rely for their ground of action upon their claim that the superior court acquired no jurisdiction of the subject of its original action in directing the sheriff to provide rooms for the court and its officers, for the reason that as a matter of fact the proper authority, to wit, the county commissioners, had not neglected to provide suitable and proper accommodations. It would seem probable that the merits of this case would be presented in the appeal of Ashmore, auditor, above alluded to. If they should not, then we are of the opinion that the petitioners would not be without remedy notwithstanding the auditor should finally issue the warrant. This application would so clearly involve an original investigation of questions of fact that we are reluctant to enter upon it unless it should be absolutely necessary to the preservation of the rights of the county in the premises. The allowance of a claim of this kind by the superior court stands precisely upon the same basis as to finality as the allowance of a claim by the board of county commissioners.

It is simply a claim allowed. Any citizen of the county has a right to oppose its payment either upon the ground of its illegality or of any fraud in the allowance. The usual course in such cases is to apply for an injunction against the auditor to restrain him from issuing the warrant, or, if the warrant has been issued, for an injunction against the treasurer to restrain him from paying it. In cases where a claim is passed upon by the court the same proceeding is open, and we see no reason why the county commissioners in their official capacity should not prosecute such an action. It may be replied that the court having made the allowance would not be likely to interfere with the officers in paying the claim. It will not do, however, to assume that because a court has made an order of that kind *ex parte* it will not, when its attention is called to the illegality of its order, or to any other facts which would render it wrongful, readily correct its action. The officer against whom an injunction of this kind is sought would have due notice by the service of the summons upon him that the legality of the allowance was contested, and if, notwithstanding that notice, he should issue a warrant, or pay one already issued, he would be liable to the county upon his bond in case the issuance was illegal. Should the court refuse to entertain a complaint for an injunction, plaintiff could appeal to this court which would then be in a position to entertain a petition for prohibition in case the inferior court should undertake to enforce the payment of the legal demand during the pendency of the appeal.

Entertaining these views we think the application here made should be denied. It is only by such a course of practice that this case could be heard in this court otherwise than by affidavit, which is a very unsatisfactory method of presenting any case for final action.

The application is denied.

ANDERS, C. J., and HOYT, DUNBAR and SCOTT, JJ., concur.