[Civ. No. 437.   First Appellate District.—August 13, 1907.]

J. P. MURPHY, Petitioner, v. CHARLES A. BANTEL, Treasurer of the City and County of San Francisco, THE SUPERIOR COURT Therein, Department 6, FRANK H. DUNNE, Judge, and W. J. BIGGY, as Elisor, Respondents.

PROHIBITION—BILL FOR CARE OF PRISONER BY ELISOR—APPROVAL BY COURT—ALLEGED ILLEGALITY—JURISDICTION NOT EXCEEDED.—A writ of prohibition will not lie at suit of a taxpayer to restrain the payment by the treasurer of the city and county of San Francisco of a bill allowed and ordered paid by a superior judge for the care of a prisoner by an elisor appointed by the superior court of which he is judge. The city and county treasurer would not exceed his jurisdiction in paying a bill incurred or approved by said judge, notwithstanding its alleged illegality.

ID.—REMEDY BY INJUNCTION.—The writ of prohibition will not lie in such case, even if it be conceded that the bill is illegal or not authorized by law. In such case the taxpayer has a remedy by proceedings in the superior court under the process of injunction to restrain its payment.

PETITION for writ of prohibition to the treasurer and Superior Court of the City and County of San Francisco et al. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

L. W. Lovey, for Petitioner.

W. H. H. Hart, for Respondents.

COOPER, P. J.—The petitioner as a taxpayer asks for a writ of prohibition directed to Charles A. Bantel, as treasurer of the city and county of San Francisco, to prohibit him from paying a bill incurred by one W. J. Biggy, elisor of the superior court, amounting to the sum of $1,092, for the care, custody and maintenance of one Abraham Ruef for the month of July, 1907, which bill has been approved by Hon. Frank H. Dunne, one of the judges of the superior court of the city and county of San Francisco, and ordered paid by said judge.

The writ of prohibition arrests the proceedings of any tribunal, corporation, board or person when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person, and there is no plain, speedy and adequate remedy in the ordinary course of law. (Code Civ. Proc., secs. 1102, 1103.) The said Bantel, as treasurer of the city and county of San Francisco, would not be proceeding in excess of his jurisdiction in paying a bill which has been incurred or approved by the judge of the superior court of the city and county of San Francisco. The writ of prohibition will not lie in such case, even if it be conceded that the bill is illegal or not authorized by law. In such case the taxpayer has a remedy by proceeding in the superior court under the process of injunction to restrain the payment. This remedy is one of frequent occurrence in our courts, but we know of no practice authorizing any court to prohibit the payment of a claim, except by injunction, even although the claim may be illegal.

The writ is denied.

Hall, J., and Kerrigan, J., concurred.