JAMES M. NORTON AND ELMORE R. WALKER, Petitioners,

*vs.*

WILLIS C. EMERY, WALTER G. HILTON AND ORLANDO WALKER, Assessors.

Somerset.    Opinion November 30, 1911.

*Writ of Prohibition. Nature of Remedy. Right to Relief. Adequate Remedy. Taxation. Revised Statutes, chapter 79, section 5, section 6, Paragraph XI.*

The writ of prohibition is an extraordinary judicial writ, directed to an inferior tribunal to prevent use or usurpation of judicial functions.

As Revised Statutes, chapter 79, section 6, paragraph XI, gives the Supreme Judicial Court equity jurisdiction on petition of not less than ten taxable inhabitants of a town to restrain an attempted exemption of property from taxation, *held* that a writ of prohibition under section 5, of the same chapter should not be issued to prohibit the assessors of a town from abating taxes pursuant to a vote of the town where the town had voted to instruct the assessors to abate the taxes on certain property for ten years.

On report.    Petition dismissed.

Petition for a writ of prohibition to restrain the assessors or selectmen of the town of Anson, and their successors, from abating

certain taxes on a mill, etc., of the North Anson Lumber Company for a term of ten years. The defendants filed a motion to dismiss the petition, and the case was reported to the Law Court for determination.

The case is stated in the opinion.

*Charles O. Small*, for plaintiffs.

*Augustine Simmons*, for defendants.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, BIRD, HALEY, JJ.

HALEY, J. This is a petition for a writ of prohibition to restrain the assessors or the selectmen of the town of Anson, and their successors in office, from executing the vote of the inhabitants of the town of Anson, passed at a special town meeting of the town, held on the twenty-first day of March, A. D. 1905, under an article in the warrant for said meeting, instructing the selectmen of the town to abate the taxes of the North Anson Lumber Company for a term of ten years on the new mill then being erected in said town by said company, and such other mills and buildings, except dwelling houses, as the said company might erect in the future in connection with their manufacturing business. Under this vote, state and county taxes on said property were not to be abated.

The company completed the erection of a mill and certain other buildings in said Anson and placed saw mill machinery in said mill. The selectmen of said town, who were also assessors of taxes, and, as the plaintiffs claim, acted as such, abated the taxes assessed on the mill and certain other property of the said company for some years prior to 1909 in pursuance of said vote, without any written application being made to them therefor by said company or in its behalf.

At the annual town meeting of the inhabitants of said town, held on the first day of March, 1909, Willis C. Emery, Walter G. Hilton and Orlando Walker were duly and legally elected selectmen and assessors of taxes of said town for the year ensuing, and entered upon the duties of the respective offices.

On the twenty-ninth day of January, 1910, James M. Norton and Elmore R. Walker, two inhabitants and tax payers of the town of Anson, were informed by one or more of the said assessors of taxes of said town that the said assessors were about to abate the whole or some part of the taxes assessed against the property of the North Anson Lumber Company, located in said town, for 1909, and believing that the whole or some part of said tax was about to be abated in pursuance of the vote of said town passed on the twenty-first day of March, A. D. 1905, and for no other reason, petitioned this court for a writ of prohibition to enjoin and prohibit the said Willis C. Emery, Walter G. Hilton and Orlando Walker, as assessors of said town, from abating the whole or any part of said taxes, except for good and legal cause and upon written application therefor, according to law.

Upon this petition notice was ordered, returnable to a term of the Supreme Judicial Court to he held at Skowhegan in said County of Somerset on the third Tuesday of March, 1910, and due service was made upon the respondents.

At a subsequent term of said court, by leave of court, said petition was amended by inserting in the prayer of said petition after the word "Assessors" the words "and their successors in office."

At the March term, 1910, of said court the respondents appeared and filed a motion to dismiss said petition for the following reasons:

1.  A writ of prohibition is not the proper or legal process for the cause stated in the petition.

2.  The writ of prohibition will not issue when there is another adequate remedy.

3.  Among the other adequate remedies in this case would be bill in equity for an injunction, as provided in section 6 of par. XI of chapter 79 of the Revised Statutes, and perhaps mandamus to the tax collector not to collect the tax.

4.  Assessors of Taxes are not a court, nor even an inferior court, and do not possess such judicial powers as to render a writ of prohibition legally applicable to them for the cause stated in the petition.

5.   The alleged intended act does not involve an assumption or usurpation of judicial powers or functions.

6.   Said intended act would be only a ministerial or administrative act, to execute the vote of the town.

7.   The cause of complaint, as stated in the petition is substantially an attempt to exempt property from taxation, and therefore the petition should be signed by not less than ten taxable inhabitants of said town of Anson, as provided in sec. 6 of par. XI of chap. 79, of the Revised Statutes.

8.   The petition in this case is signed by only two of the taxable inhabitants thereof.

9.   The petition does not allege any process before the board of assessors upon which they may act, or that the North Anson Lumber Company has made any written application to the assessors of taxes of said Anson for the time being, as required by law, for the abatement of any of its taxes assessed for the year 1909 on any of its property situated in said town.

10.   The petition does not allege that said assessors have taken any action, or done anything or attempted to do anything by vote or otherwise, or even discussed the matter in a meeting of their board, formal or informal, concerning the abatement of the whole or a part of said taxes.

This case in now before the Law Court on the following report as to whether a writ of prohibition shall issue as prayed for, or the petition dismissed on motion of the defendants.

Counsel for defendants admit all the allegations in the plaintiffs' petition, except the allegation in the ninth paragraph of the petition, that they intended to abate the whole or a part of said tax unlawfully.   But as to that allegation the defendants admit that they, as selectmen, did intend to abate a part of said tax, but not unlawfully.

Counsel for petitioners admit that they could have easily obtained the signatures of at least ten taxable inhabitants of said Anson to an application or petition, as provided in section 6, paragraph XI, of chapter 79 of the Revised Statutes, and that said assessors were the selectmen.

The writ of prohibition has been defined as "an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal properly and technically denominated as such, or to an inferior ministerial tribunal possessing incidental judicial powers and known as a quasi judicial tribunal, or even in extreme cases to a purely ministerial body to cease abusing or usurping judicial functions."

The writ is applicable whenever judicial functions are assumed which do not rightfully belong to the person or court assuming such functions. It is the nature of the act which determines the propriety of the writ. The power of the Supreme Judicial Court of this State to issue the writ is expressly conferred by the Revised Statutes, chapter 79, section 5, although the court had the power, by virtue of its general common law jurisdiction, it being a common law writ said to be as old as the common law.

The statute does not define the cases in which the power is to be exercised, but it is a power like that connected with other prerogative writs, to be used with caution and only upon proper and necessary occasions.

The decision of this case does not require a lengthy discussion of the writ of prohibition, the procedure or its purposes. All the authorities agree that the power to issue it should be used with caution, and only upon proper and necessary occasions, and that if there is another adequate or ordinary remedy, it is the duty of the court to deny the writ, but such other remedy must be prompt, efficient and equally adequate. "The writ of prohibition is an extraordinary remedy, and should be issued only in cases of extreme necessity, and not for grievances which may be redressed by ordinary proceedings at law or in equity." *People* v. *Westbrook*, 89 N. Y. 152. "Whilst, therefore, it thus appears that the power of the court is ample to issue writs of prohibition, upon proper and necessary occasions, yet like other prerogative writs with which it is associated, it is to be used with great caution and forbearance, for the furtherance of justice, and for securing order and regularity in all the tribunals, when there is no other regular and ordinary remedy." *Washburn* v. *Phillips et al.*, 2 Met. 298. "The writ of prohibition,

like mandamus, quo warranto, or certiorari, ought not to issue when there are other remedies perfectly adequate. We have a discretion to grant or deny the writ, and it would, I apprehend, in general, be a very good reason for denying it, that the party has a complete remedy in some other and more ordinary form." *Ex-parte Brandlaucht*, 2 Hill, 367. "While the court is vested with ample power to issue writs of prohibition in proper cases, it is only when there is no other adequate remedy." *Jaquith* v. *Fuller*, 167 Mass. 123. "It may properly be added that the decision of the Supreme Court (State) indicates that in its opinion relator was not entitled to the writ of prohibition, because he had other remedies of which he might have availed himself. This was a ground broad enough to maintain the judgment irrespective of the decision of any Federal question." *Yesler* v. *Board of Harbor Commrs.*, 146 U. S. 646. "Prohibition being an extraordinary remedy, is only granted, as has been previously stated, in cases of necessity. Therefore the existence of another adequate, ordinary remedy, or of a more proper extraordinary remedy, will make it the duty of the court to deny the writ." Spellman Extraordinary Remedies, sec. 1727. The writ of prohibition agrees with both injunction and mandamus in this: that where there is an adequate remedy at law, it is not available. *State* v. *Braun*, 31 Wis. 606.

The act which the plaintiffs seek to prohibit is an indirect attempt to execute the vote of March 21, 1905, exempting property from taxation, and chapter 79, sec. 6, paragraph XI, R. S., provides that this court shall have equity jurisdiction on petition of not less than ten taxable inhabitants thereof to restrain the exemption of property from taxation. As said by the court in *Emery* v. *Sanford*, 92 Maine, 525, "Among the adequate remedies, however, which are available to property owners and tax payers to secure equal and legal taxation, is that prescribed in paragraph 9, section 77, R. S., in which, on application of not less than ten inhabitants of a town, full equity jurisdiction is conferred upon this court to hear and determine all complaints relating to any unauthorized votes of such town to raise money by taxation, or to exempt property therefrom." *Knights* v. *Thomas*, 93 Maine, 494.

There being a remedy provided by statute to prevent the vote from being executed, it cannot be said that there is not an ordinary proceeding at law or in equity to restrain the defendants.

The statute, having conferred upon this court jurisdiction upon petition of ten inhabitants of the town, has given a prompt, efficient and an equally adequate remedy with the writ of prohibition, which remedy the plaintiffs, if they have a just grievance, should avail themselves of.

*Writ denied.    Petition dismissed.*