GILMORE, Respondent, v. SANDY et al, Appellants.

(209 N. W. 342.)

(File No. 5709.   Opinion filed June 19, 1926.)

**Prohibition—Injunction—Prohibition May Not Be Resorted to Where Facts Alleged in Complaint Would Authorize Injunction and Such Relief Would Be Adequate (Laws 1921, c. 424; Rev. Code 1919, § 3020).**

Where facts alleged in complaint to prevent issuance of bonds by school district and levy of taxes to retire such bonds, if proved, would authorize injunctive relief, and such relief would be adequate, extraordinary writ of prohibition might not be resorted to, in view of Laws 1921, c. 424; Rev. Code 1919, § 3020.

Note.—See, Headnote, American Key-Numbered Digest, Prohibition, Key-No. 3(1), 32 Cyc. 616.

Appeal from Circuit Court, Jones County; HON. JOHN G. BARTINE, Judge.

Action by Frank L. Gilmore against P. W. Sandy and others, as the District School Board of Okaton School District No. 50 of Jones County. From order overruling their demurrer to complaint, defendants appeal. Affirmed.

*M. L. Parish,* of Murdo, and *M. Q. Sharpe,* of Kennebec, for Appellants.

*Herman L. Bode,* of Murdo, for Respondent.

GATES, P. J. This action was brought by an elector. freeholder, and taxpayer of Okaton school district, Jones county, against the district school board to prevent the issuance of bonds pursuant to a purported school election and to prevent the levy of taxes to retire such bonds. The defendants demurred to the complaint, which was overuled. Defendants appeal.

Appellants' assignment of error is as follows:

"It was error for the court to overrule the demurrer for the reason that the complaint attempts to set up a cause of action to secure an injunction and prays for an injunction to enjoin certain acts of a district school board of the state of South Dakota. The law of the state of South Dakota provides the plain, speedy, and adequate remedy of prohibition and makes it applic-

able to the facts stated in the complaint in this action, and no right nor jurisdiction existed to use the equitable remedy of injunction in such case."

In short, appellants' contention is that by reason of the enlargement of the scope of the writ of prohibition made by chapter 424, Laws 1921, plaintiff's remedy by injunction no longer exists. Section 3020, Rev. Code 1919, provides that the writ of prohibition may be issued where there is no+ a plain, speedy, and adequate remedy in the ordinary course of law. Without considering whether the facts alleged in the complaint would authorize the granting of a writ of prohibition, it is clear that they would, if proven, authorize injunctive relief, and that such relief would be adequate. That being the case, the extraordinary writ of prohibition may not be resorted to. In 22 R. C. L. 9, the rule is thus stated:

"In the absence of a statute expressly permitting it, the general rule is that prohibition, being an extraordinary writ, cannot be resorted to when ordinary and usual remedies provided by law are adequate and available. Accordingly, if a complete remedy lies by appeal, writ of error, writ of review, certiorari, injunction, mandamus, motion for change of venue, or in any other manner, the writ should be denied."

So, also, in 32 Cyc. 613, the following appears:

"Prohibition will not issue where there is another adequate remedy at law or in equity readily available to the applicant, either by appeal or writ of error, or by any other writ, motion, or proceeding appropriate to the relief, as a writ of review, writ of supersedeas, certiorari, habeas corpus, injunction, mandamus, quo warranto, action for trespass, amendment, motion to change venue, motion to set aside, motion to stay proceedings, or proceedings for contempt."

In People v. Westbrook, 89 N. Y. 152, the court said:

"The writ of prohibition is an extraordinary remedy, and should be issued only in cases of extreme necessity, and not for grievances which may be redressed by ordinary proceedings at law or in equity."

See, also, Murphy v. Bantel, 6 Cal. App. 215, 91 P. 805; City of Macon v. Anderson, 155 Ga. 607, 613, 117 S. E. 753; State

ex rel Chentat v. Judge of 24th Dist., 32 La. Ann. 814; Norton v. Emery, 108 Me. 472, 81 A. 671; State ex rel. Coyne v. Buerman, 186 Mo. App. 691, 172 S. W. 454; People ex rel. Cook v. Parker, 63 How. Prac. (N. Y.) 3; State ex rel. Voight v. Lueders, 101 Ohio St. 211, 128 N. E. 70; Campbell v. Durand, 39 Utah, 118, 115 P. 986; and State ex rel. Stopper v. Hunter, 4 Wash. 712, 30 P. 1055. The trial court ruled correctly.

The order appealed from is affirmed.

KNIGHT, Circuit Judge, sitting in lieu of DILLON, J.