BRANDON SAV. BANK, Plaintiff, v. SWANSON et al, Defendant.

(222 N. W. 660.)

(File No. 6237. Opinion filed December 31, 1928.)

Waggoner & Stordahl, of Sioux Falls, for Plaintiff.

Lyon, Bradford & Grigsby and Boyce, Warren & Fairbank, all of Sioux Falls, for Defendants.

MORIARTY, C. This proceeding comes before the court upon an alternative writ of prohibition issued by this court.

The petition for the writ shows the following relevant facts: The Brandon Savings Bank brought suit against one Chrisler upon a promissory note for $3,000. At the time the action was begun, the plaintiff caused a garnishee summons to be served upon the Farmer's Savings Bank of Larchwood, Iowa. In response to said garnishment, the Larchwood bank served and filed its disclosure in which it set forth that it was not indebted to the principal defendant and had in its possession no money or property belonging to said principal defendant, except as further set forth.

The disclosure further set forth that the garnishee defendant had acted as clerk of a public sale, at which was sold certain property belonging to the defendant Chrisler and other property belonging jointly to said Chrisler and August Swanson and Charles Swanson, known as Swanson Bros., that said garnishee defendant had in its hands the sum of $1,962.32 as proceeds of the sale of property belonging to the defendant Chrisler and the sum of $1,839.50 as proceeds of property owned jointly by said Chrisler and Swanson Bros., but that said Swanson Bros. claim a lien superior to the garnishment upon all of said moneys belonging to Chrisler, by virtue of a mortgage covering the entire amount of said fund. And the garnishee defendant states that it is not advised as to the merits of the lien claimed by said Swanson Bros., and that it holds the proceeds of said sale subject to the order of the court.

No action was taken to bring in Swanson Bros. as parties to the action, under the provisions of section 2469, Revised Code of 1919, or otherwise. No issue was joined on the disclosure, no notice of bringing the matter on for trial was served upon the garnishee defendant, but, after the principal defendant's time for answer had expired, the circuit court entered a default judgment against Chrisler in the sum of $3,430.53. After the entry of this judgment, but without notice to the garnishee bank or the claimants Swanson Bros., the court made findings that by consenting to the sale of the mortgaged property Swanson Bros. had waived any lien they may have had upon such property or the proceeds of its sale. And the court entered judgment against the garnishee bank for the full amount of the judgment against Chrisler.

Within 60 days after the entry of this judgment against the garnishee bank, Swanson Bros. applied to the court for leave to intervene in the action, and asked to have the judgment against the garnishee defendant vacated in order that they might have a trial of their claim to a lien on the fund. Immediately upon the presentation of this petition, the trial court issued an order requiring the Brandon bank to show cause why this petition for intervention should not be granted. Although this order was made returnable within 30 days, for some reason not disclosed by the record, the matter was not actually heard until about 16 months after the return day. At that time the Brandon bank resisted the application on numerous grounds, including those that the circuit court had lost jurisdiction to vacate the judgment because of the expiration of one year after its entry, and that the statute permits intervention only before the entry of judgment. The trial court denied the petition for right to intervene, and no appeal was taken from that order.

About 90 days after entry of the order last above mentioned, Swanson Bros. began an action setting forth in their complaint the facts above stated, and alleging that the sale of the property on which they claimed a lien was made pursuant to an agreement between themselves and Chrisler, to the effect that the Larchwood bank should clerk the sale and that all the proceeds of the sale should be deposited in that bank in trust for the purpose of paying the expenses of the sale and the lien of plaintiffs upon the property sold, and that the entire proceeds are insufficient to pay the

amount due on their lien. They also attach to the complaint a copy of the instrument upon which their claim of lien is based, and pray that the judgment against the Larchwood bank be vacated and that their claim to the fund in controversy be adjudged superior to the garnishment levy, and they ask that the circuit court grant an injunction pendente lite restraining the enforcement of the judgment against the Larchwood bank. On this prayer and upon the filing by the plaintiffs of a bond in the sum of $4,000, the trial court granted the temporary restraining order or injunction pendente lite applied for. No appeal was taken from said order.

The Brandon bank, the Larchwood bank, and Chrisler were all made defendants in said action, and all were served with process therein.

To the complaint in said action the Brandon bank demurred on the grounds that the court has no jurisdiction, that there is another action pending, and that said complaint does not state facts sufficient to constitute a cause of action. This demurrer was argued before the trial judge, and by him taken under advisement.

Without waiting for a decision on the demurrer, the Brandon bank instituted this proceeding for a writ of prohibition asking this court to require the circuit judge to desist from proceeding further in the action in which the aforesaid restraining order was issued and to dismiss said action and dissolve the said restraining order.

In its decision in Gilmore v. Sandy, 50 S. D. 247, 209 N. W. 342, this court has clearly defined the conditions under which it will assume original jurisdiction by prohibition. The rule adopted is tersely stated in the quotation from People v. Westbrook, 89 N. Y. 152, as it appears in Gilmore v. Sandy, supra: "The writ of prohibition is an extra-ordinary remedy, and should be issued only in cases of extreme necessity, and not for grievances which may be redressed by ordinary proceedings at law or in equity."

This court will not exercise its original constitutional jurisdiction by means of writs of this character to enforce a private or local right except to prevent injustice and irreparable injury, where an appeal would not afford adequate remedy, and the circumstances require immediate relief. State ex rel v. City of Huron, 23 S. D. 153, 120 N. W. 1008; Everitt v. Board, 1 S. D. 365, 47 N. W. 296.

The circuit court was not acting outside its jurisdiction in issuing the temporary restraining order complained of.

The facts in this case do not show any extreme necessity; there is no public interest involved; the question whether the complaint is in any way insufficient is squarely at issue on the demurrer. If the demurrer is sustained, the restraining order must fall with the right of action; if it is overruled, the issue may be brought before this court upon appeal. It does not appear that the applicant for the writ is without adequate remedy in the regular course of legal procedure. Under such circumstances, this court will not assume original jurisdiction by writ of prohibition.

The alternative writ is dissolved, and the proceeding is dismissed.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.