SWANSON, et al, Respondents, v. BRANDON SAVINGS
BANK, et al, Appellant.

(240 N. W. 856.)

(File No. 7104. Opinion filed February 17, 1932.)

*Gordon Graff* and *Waggoner & Stordahl,* all of Sioux Falls,
for Appellant.

*Boyce, Warren & Fairbank,* of Sioux Falls, for Respondents.

POLLEY, J. On, and for some time prior to, the 17th day
of May, 1920, one W. D. Chrisler was occupying a farm owned
by the plaintiffs Swanson Brothers. Chrisler was engaged in
farming and in raising, buying, feeding, and selling live stock. On
the above date Chrisler was indebted to the defendant Brandon
Savings Bank, to be hereinafter referred to as the Brandon bank,
in a considerable amount, and on said date gave to the bank two
notes, one for $4,000 and one for $1,500, and to secure the pay-
ment thereof gave the bank a chattel mortgage on one hundred
forty head of cattle then on the said farm.

On the 24th day of January, 1921, Chrisler was indebted to
plaintiffs in a considerable sum, and on that date entered into a
partnership agreement with plaintiffs whereby they agreed to oper-
ate the farm and live stock business upon a so-called fifty-fifty
basis. This agreement contained the following clause: "It is fur-

ther understood and agreed by and between the partners hereto that this contract shall constitute a first lien on behalf of the party of the second part [the Swansons] for all money loaned to or notes signed with the party of the first part, against all of the interest of the party of the first part in the live stock owned by the partnership. Also all horses and machinery owned by the party of the first part used in connection with said farm."

This contract was entered into and witnessed with all the formalities of a chattel mortgage. A copy thereof was given to, and receipted for by, Chrisler. The original was filed with the register of deeds and thereafter both parties assumed that plaintiffs had a first lien on Chrisler's interest in the partnership property and on his individual property as well for any balance that might at any time be owing from Chrisler to plaintiffs.

On the 19th day of March, 1921, Chrisler executed and delivered to the Brandon bank two notes, one for $2,000 and one for $3,490, and, to secure the payment of said notes, executed and delivered to the Brandon bank a chattel mortgage describing the same property that was described in the chattel mortgage of May 17, 1920. Upon the execution and delivery of these notes and chattel mortgage, the two notes of May 17, 1920, were canceled by the bank and returned to Chrisler, and the bank at the same time executed and delivered to Chrisler a formal satisfaction of the chattel mortgage of May 17, 1920, which recited on its face that the chattel mortgage debt had been fully paid.

The partnership between plaintiffs and Chrisler continued until the month of February, 1924, when they agreed to dissolve the partnership and dispose of the partnership property. At this time Chrisler was owing plaintiffs $5,139.24. They agreed to hold a public sale and sell, not only the partnership property, but the teams and farm equipment of Chrisler as well. They made an agreement with one Holly, as an officer of the Larchwood bank, to clerk the sale, to collect the proceeds thereof, and deposit the same in the Larchwood bank, and, after paying the expenses of the sale, Holly was to pay the plaintiffs what was due them for their interest in the partnership, also the amount due them from Chrisler, and the balance, if any, was to be paid to Chrisler. The sale did not bring enough to pay all that was due the plaintiffs, and, before any money had been distributed, the Brandon bank com-

menced a suit against Chrisler to recover $4,808.70 due on a note it held against Chrisler, and served a garnishee summons on Holly and the Larchwood bank, claiming that the proceeds of the said sale belonged to Chrisler. Within the time allowed by law, Holly and the Larchwood bank made return to the garnishee summons to the effect that the bank was not indebted to Chrisler in any amount; that the bank had clerked the sale; that the property that had been sold belonged in part to Chrisler individually, and in part to the partnership; that the plaintiffs claimed to have a first lien upon all of the property that had been sold and upon the proceeds thereof; that the bank had in its possession $3,801.82 as the proceeds of the sale; that the bank was not advised as to the merits of the claim made by plaintiffs; and that the bank was holding the said sum of money subject to the order of the court. Chrisler defaulted in this suit, and on the 23d day of April, 1924, judgment was entered against him for $3,430.53. Plaintiffs were not made parties to this action, and were never given any notice of the garnishee proceedings, and no issue was joined on the return made by Holly and the bank to the garnishee summons, nor was any notice of trial served on the bank. Notwithstanding these facts, the court, on the 23d day of April, 1924, proceeded to and did make findings of fact and conclusions of law to the effect that the Larchwood bank was in possession of the proceeds of the sale; that such money belonged to Chrisler; that the plaintiffs, by consenting to the sale, had waived any lien they may have had on the property disposed of at the sale; and that the Brandon bank by virtue of its garnishee summons had acquired a lien superior to the lien of the plaintiffs. Upon such findings and conclusions, the court entered judgment against the Larchwood bank and in favor of the Brandon bank for $3,430.53.

On the 9th day of June, 1924, plaintiffs in this action filed a petition in the court that entered the said judgment asking to be allowed to intervene in said action and have their rights in the said sum of money adjudicated. An order to show cause was issued, returnable on the 7th day of July, 1924. For some reason this order was not brought on for hearing until some time in September, 1925. The petition was denied, and the order to show cause was dismissed by an order entered on the 30th day of October, 1925.

On the 1st day of February, 1926, this present action was commenced for the purpose of having the judgment of April 23, 1924, set aside, and having the plaintiffs declared to be the owners of the said sum of $3,430.53 then in possession of the Larchwood bank.

The defendant Brandon bank demurred to plaintiffs' complaint on the ground that the court was without jurisdiction, that there was another action pending, and that the said complaint does not state facts sufficient to constitute a cause of action. This demurrer was argued to the court, and by the court taken under advisement, but, before a decision was reached by the court, defendants petitioned to this court for a writ of prohibition, directing the circuit court to desist from further proceedings in this action. Such petition was denied by this court upon the ground that no public interest was involved, and on the further ground that all questions involved could be properly determined by the court in the action then pending. For opinion rendered in such matter, see Brandon Savings Bank v. Swanson et al, 54 S. D. 95, 222 N. W. 660.

In the action brought by the Brandon bank, it made no claim at all because of either of its mortgages of May 17, 1920, or March 19, 1921, but relied wholly upon its garnishee proceeding. But in this case it is claiming under both the garnishee proceedings and the said chattel mortgages.

Findings of fact, conclusions of law, and judgment were for the plaintiffs, and the defendant Brandon bank appeals.

We will say at the outset that the trial court never acquired jurisdiction of the plaintiffs in the garnishee proceeding in the first case; therefore the judgment was not binding against them, and was properly set aside by the court.

As to the mortgages of May 17, 1920, and March 19, 1921: the respondents contend that they were waived by appellant, and that it has no rights because of such mortgages. There was evidence tending to prove, and the trial court found as a fact, that, after the execution of these mortgages, the managing officers of the bank authorized Chrisler to sell any and all the property described in the said mortgages and to turn the proceeds derived from such sale over to the bank to be applied on the mortgage debt, and that Chrisler did, from time to time, sell all of the property described in said mortgages, with the exception of one white cow

and calf, which were finally sold at the sale on February 12, 1924. And from these facts the court concluded that the Brandon bank had waived its mortgage lien on all of said livestock before any of it was sold.

■ It is not necessary to determine whether these mortgages were waived, because, as above noted, all of the property described in either mortgage, except the said cow and calf, had been sold by Chrisler prior to the 12th day of February, 1924. It is not shown how much these two animals brought at the sale nor how much they were worth; therefore the appellant had no interest in the proceeds of the sale of February 12, 1924, because of either of its. said chattel mortgages. Neither is. it necessary to determine the effect of the lien clause in the said lease. The agreement made by the plaintiffs, Chrisler and the Larchwood bank, brings the case squarely within the rule announced by this court in Minneapolis Threshing Machine Co. v. Calhoun, 37 S. D. 542, 159 N. W. 127; Nelson v. Badker, 39 S. D. 108, 163 N. W. 569; Borgen v. Auguski, 51 S. D. 65, 212 N. W. 47. These cases dispose of all the issues involved in this case, and nothing would be gained by a discussion of said cases.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and ROBERTS, WARREN, and RUDOLPH, JJ., concur.