**WATERVILLE HOMES, INC. and Trafton Properties, Inc.**

v.

**MUNICIPAL OFFICERS OF the CITY OF WATERVILLE, et al.**

Supreme Judicial Court of Maine.

Argued March 8, 1991.

Decided April 18, 1991.

Daniel W. Emery (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for plaintiffs.

Harrison Richardson, Elizabeth Stouder (orally), Richardson & Troubh, Portland, for defendant.

Before ROBERTS, GLASSMAN, COLLINS and BRODY, JJ.

COLLINS, Justice.

Plaintiffs, Waterville Homes, Inc. and Trafton Properties, Inc., appeal the dismissals of Count I of their complaint brought pursuant to M.R.Civ.P. 80B (Kennebec County, *Chandler, J.*) and Count II of their complaint brought pursuant to the Declaratory Judgment Act, 14 M.R.S.A. § 5951 et seq. and M.R.Civ.P. 57 (Kennebec County, *Silsby, J.*) against defendant City of Waterville. We affirm the dismissal of Count I

---

and the dismissal of Count II as a summary judgment.

Except that defendant in this action is the City of Waterville, the facts of this appeal are essentially the same as those presented in *Waterville Homes, Inc. and Trafton Properties, Inc. v. Maine Department of Transportation,* No. Ken–90–312, 589 A.2d 455 (Me. argued January 16, 1991) (hereinafter *Waterville Homes I*) and will not be repeated here. *See id.* Plaintiffs filed a complaint against defendant pursuant to M.R.Civ.P. 80B (Count I) and the Declaratory Judgment Act (Count II) on August 31, 1989. Primarily, based on an offensive estoppel theory, plaintiffs requested the court to declare invalid defendant's resolution that asked M.D.O.T. to look at another location, Webb Road, for a possible I–95 interchange because they relied to their detriment on representations made by defendant that an interchange might be built on Trafton Road. Defendant filed a motion to dismiss Count I on September 18, 1989 that was granted (Kennebec County, *Chandler, J.*). On April 20, 1990, defendant filed a motion to dismiss for failure to state a claim pursuant to M.R.Civ.P. 12(b)(6) or for summary judgment on Count II. The motion to dismiss was granted (Kennebec County, *Silsby, J.*). This timely appeal followed.

■ The Superior Court dismissed Count I of plaintiffs' complaint because review of the action in question, a legislative decision of defendant, was not authorized by statute or otherwise available by means of the extraordinary writs. M.R.Civ.P. 80B provides: "When review by the Superior Court, whether by appeal or otherwise, of any action or failure to act by a governmental agency, including any department, board, commission, or officer, *is provided by statute or is otherwise available by law,* proceedings for such review shall ... be governed by these Rules of Civil Procedure as modified by this rule." (emphasis added). "Otherwise available by law" refers to review of an action that could have been had by means of a common law writ. *Lyons v. Board of Directors of School Administrative District No. 43,* 503 A.2d 233, 236 (Me.1986). There is no statutory provision authorizing the review of defendant's action. Likewise, review of this action is not available under any of the common law writs. *See Lyons,* 503 A.2d at 236 (writ of certiorari); *Your Home, Inc. v. City of Portland,* 505 A.2d 488, 489 (Me. 1986) (writ of mandamus); *Norton v. Emery,* 108 Me. 472, 476, 81 A. 671 (1911) (writ of prohibition). There was no error in the court's determination.

■ Next, we agree with the court that the complaint fails to state a claim for which relief can be granted on any theory because, even if we ignore the improper use of estoppel, plaintiffs allege no misconduct on the part of defendant. *See Waterville Homes I.* As in *Waterville Homes I,* we treat the motion and decision as one for summary judgment. *See* M.R.Civ.P. Rule 12(b)(6) (if matters other than the pleadings are submitted to and not excluded by the court, the motion shall be treated as one for summary judgment). Defendant filed a motion for dismissal or summary judgment with supporting material, putting plaintiffs on notice that they should submit their evidence. Plaintiffs responded by submitting an opposing affidavit. On this record, viewing all the evidence in the light most favorable to plaintiffs, there are no issues of material fact, and defendant is entitled to judgment as a matter of law on Count II. The court's failure to enter a summary judgment was harmless.

The entry is:

Count I dismissal affirmed; dismissal of Count II affirmed as a summary judgment for defendant.

All concurring.