CHARLES P. SISSON, Atty. Gen. *ex rel.* JOHN M. FLYNN
*et als. vs.* ARTHUR B. LISLE *et als.*

MAY 25, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)    *Elections. Nomination Papers. Time. Provisions Directory and Mandatory.*

Objection that certain candidates for an elective office failed to file their certificates of nomination as required by statute, at least fifteen days previous to the day of the election, comes too late when not made until after the election where all names of candidates were placed upon the official ballot and the town clerk otherwise complied with the statute giving ample opportunity for objection before the election.

PETITION IN EQUITY in the nature of *quo warranto*. Petition denied.

SWEENEY, J. This petition in equity in the nature of *quo warranto* is brought to try the title of the respondents to certain offices in the town of Warwick.

It appears in the petition that an act of the General
Assembly, passed at the January Session, 1927, authorized
the town of Warwick to elect five members of a water supply
board and three members of a board of water commis--
sioners.    The election was to be held in the manner pro-
vided by law for electing town officers.    April 12, 1927, was.
the day fixed for the election.    The relators and the re-
spondents were candidates for the offices to be filled at said.
election and their names appeared on the official ballot..
The day following the election the town council of Warwick
counted the ballots given in at said election and announced
that said respondents had been elected to the offices.    The·
lowest number of votes received by either of the respond-
ents was 923 and the highest number of votes received by
either of the relators was 148.    Certificates of election were:
given by the town clerk to the respondents.

The relators then filed this petition praying that the·
respondents be ousted from said offices alleging as reasons.
therefor that the town clerk illegally caused the names of the·
respondents to be printed upon the official ballot as candi-
dates for such offices as nominees of the Republican party·
when, in fact, said party had made no nominations for said.
offices and no certificate of the nominations of the respond-
ents for such offices was filed with the town clerk in accord--
ance with law.

The relators aver that they were duly nominated as can-
didates for such. offices and a certificate of their nomina-
tions was duly filed with the town clerk of said town; and
that they were the only candidates whose certificate of
nominations was filed in accordance with law.    At the trial
relators called the town clerk as a witness.    He produced
two certificates of nominations which had been filed with
him.    The certificate of nominations of the relators as.
Democratic candidates was filed March 28, and that of the
respondents as Republican candidates was filed March 29.
Each certificate was signed and sworn to by the presiding·
officer and secretary of the convention making the nomina-
tions.

Neither the relators nor the respondents filed their certificate of nominations as required by § 140, Gen. Laws 1923, which provides that such certificate shall be filed "at least fifteen days previous to the day of the election for which the candidates are nominated." The relators' certificate states they were "to be voted for at the special election to be held on the Tuesday next after the first Monday in April, A. D. 1927," namely, April 5. This certificate was a nullity as there was no election to be held on said date. The respondents' certificate states they were "to be voted for at the special election to be held on Tuesday, April 12, A. D. 1927." This certificate was filed March 29, 14 days before the day of the election.

· The town clerk, disregarding the irregularities in both certificates, caused the names of all candidates on both certificates (relators and respondents) to be arranged and printed upon the official ballot to be used at the election April 12. Neither of the candidates objected to the action of the town clerk in placing the names of their opponents upon the official ballot until the day after the election when an attorney for the relators objected to the counting by the town council of the ballots cast for the respondents.

Relators now claim that the statute requiring the certificate of nominations to be filed with the town clerk at least 15 days previous to the day of the election is mandatory, and that, because the respondents failed to comply with this statute, they are not entitled to their offices. Respondents contend that the objection, that they did not duly file their certificate of nominations, comes too late when not made until after the election and that after election the statute relating to the filing of certificates of nominations should be construed as directory. We are of the opinion that these contentions of the respondents are supported by reason and authority.

There is no suggestion in the petition that the town clerk did not act fairly and in good faith in placing the names of the relators and respondents upon the official ballot. He

was required to cause to be conspicuously posted in each voting district, at least four days previous to the day of the election, specimen ballots containing the names of all the candidates to be voted for at the election, § 152, Gen. Laws 1923. It is presumed he complied with this law as there is no allegation or proof to the contrary. The relators had ample opportunity to ascertain that the names of the respondents would be on the official ballot and to object thereto before the election. In the note to *Territory* v. *Kanealii*, 7 A. & E. Ann. Cases 839, it is said: "The American authorities are almost unanimous in holding that objection to irregularities in the nomination of a person for office must be taken prior to the election, and that thereafter it is too late."

Whether certain statutes relating to elections are mandatory or directory was considered in the cases of *Como* v. *Sprague*, 46 R. I. 235; *Bryer* v. *Sevigney*, 42 R. I. 187; *Hoxsie* v. *Edwards*, 24 R. I. 338; *State* v. *Carroll*, 17 R. I. 591. In *Bryer* v. *Sevigney*, *supra*, we quoted *Attorney General* v. *Campbell*, 191 Mass. 497, holding that the provisions of the law as to filing nomination papers may be disregarded in determining the validity of a subsequent election, if it plainly appears that the will of a majority of the electors is fairly expressed by their ballots. In *Blackmer* v. *Hildreth*, 181 Mass. 29, the nomination paper was filed two days late. The name of the candidate was placed upon the official ballot and he was elected. Upon objection, after his election, it was held that this irregularity did not invalidate his election. Other cases to the same effect are *Schuler* v. *Hogan*, 168 Ill. 369; *Bowers* v. *Smith*, 111 Mo. 45; *Jones* v. *State*, 153 Ind. 440; *State* v. *Deputy State Supervisors*, 9 Ohio Circ., Dec. 427; *Baker* v. *Scott*, 4 Idaho 596. See also 9 R. C. L. 1172; 20 C. J. 132.

Relators cite the case of *Price* v. *Lush*, 10 Mont. 61 as an authority. A candidate's election was held to be void because his certificate of nomination did not comply with the requirements of the statute. This case was soon re-

versed by *Stackpole* v. *Hallahan*, 16 Mont. 40, the court holding that as no objection was made to the certificate of nomination until after an election, honestly and fairly conducted, the provisions of the statute as to certifying nominations should be construed as directory only, and the election should stand.

The relators aver that such votes as were cast for the respondents at said election were cast by the electors voting for them as Republican candidates duly nominated and legally upon the ballot. It is a reasonable presumption that the electors voting for the relators probably thought they were duly nominated and legally upon the ballot. The names of the relators and the respondents appeared on the official ballot and all of the electors of the town had an opportunity to vote for the candidates of their choice. They did so by marking their ballots as required by law. They did this in good faith supposing that the names of the candidates were legally upon the ballots. The choice of the great majority of the electors should not be nullified on account of the irregularity in filing the respondents' certificate of nominations.

In our opinion the relators are not entitled to the relief prayed for, and their petition for ouster of the respondents is denied.

*Quinn, Kernan & Quinn, Michael De Ciantis*, for relators.
*Clason, Brereton & Kingsley*, for respondents.