NOEL, et al, Appellants, v. CUNNINGHAM, Respondent

(5 N. W.2d 402.)

(File No. 8516. Opinion filed August 29, 1942.)

**C. E. Noel,** of Highmore, **O'Keeffe & Stephens** and **R. C. Riter,** all of Pierre, for Appellant.

**Churchill & Churchill,** of Huron, for Respondent.

ROBERTS, J.   This is a proceeding in the nature of quo warranto to determine the title to the office of state's attorney of Hyde County.   At the general election held in November, 1938, M. Harry O'Brien was elected to that office and entered upon the discharge of the duties of the office on the first Monday in January, 1939, and continued in such office until his death, which occurred on April 27, 1940. Appellant, C. E. Noel, was appointed by the board of county commissioners to fill the vacancy.   Appellant qualified and entered upon discharge of the duties of the office.   At the time of his death, M. Harry O'Brien was the candidate of

the democratic party to succeed himself. The democratic central committee of Hyde County held a meeting on May 18, 1940, for the purpose of filling the vacancy in the nomination. A certificate nominating respondent, M. C. Cunningham, was filed by the chairman and secretary of the committee with the county auditor. At the general election held in November, 1940, respondent received a plurality of the votes cast for the office in question, was declared elected by the canvassing board and received from the county auditor a certificate of election. On December 11, 1940, respondent filed his official bond and took the oath of office. The county commissioners were not then in session and the county auditor refused to call a special meeting to consider the approval of the bond. Upon refusal of the board at its regular meeting in January to approve the bond filed by respondent, he presented the same to the circuit court and after the approval thereof entered upon and has since performed the duties of the office.

The claim is made that respondent by his election in November, 1940, was entitled forthwith to qualify and enter upon the performance of the duties of the office and having failed to qualify as required by statute abandoned the office.

SDC 48.0311 provides: "Except when otherwise expressly provided, the regular term of office for all county officers, when elected for a full term, shall commence on the first Monday in January next succeeding their election, except the office of county auditor, the term of which shall begin on the first Monday of March next succeeding his election. If the office to which any officer was elected be vacant at the time of his election, or becomes vacant after such election, even if he was not elected to fill a vacancy, he shall forthwith qualify and enter upon the duties of his office."

Respondent was "elected for a full term." If the office of state's attorney was not vacant at the time of the election of respondent or had not become vacant after election, he was not required to qualify until the first Monday in January next succeeding his election.

■ The tenure of an appointee to the office of state's attorney continues "until the next general election at which the vacancy can be filled, and until a successor is elected and qualified." SDC 48.0106. In State ex rel. Rearick v. Board of Commissioners of Lyman County et al., 34 S. D. 256, 145 N. W. 548, 549, this court construing the provisions of this statute said:

"It is the general policy of the law to fill vacancies in elective offices at an election as soon as practicable after the vacancy occurs. State v. Schroeder, 79 Neb. 759, 113 N. W. 192. The statute declares it is a vacancy which is to be filled at the next general election—which clearly means nothing more or less than that some one shall be elected to fill the office during the unexpired term—not that the vacancy must be one existing or continuing until the next general election. State ex rel. v. Biggins, 28 S. D. 41, 132 N. W. 677; State ex rel. v. Kerkow [31 S. D. 425], 141 N. W. 378. This is made clear by section 1813 [SDC 48.0105], which provides: 'If a vacancy occurs thirty days previous to an election day at which it may be filled, no appointment shall be made unless it be necessary to carry out said election and the canvass of the same according to law; in that case an appointment may be made at any time previous to said election to hold until after said election or until his successor is elected and qualified.'"

State ex rel. Hellier v. Vincent, 20 S. D. 90, 104 N. W. 914, involved the right of a person appointed to the office of sheriff to hold over where the re-elected sheriff died before qualifying for his office. In the course of the opinion, it was said: "According to the express terms of the statute and the spirit of our decisions, the death of the sheriff on the 7th day of December, immediately following his re-election, created a present vacancy in the office, which could be filled only by a written appointment, not for the unexpired term, but 'to continue until the next general election at which the vacancy can be filled, and until a successor is elected and qualified.'"

■ The right to elect a successor to complete an un-

expired term does not depend on the duration of such term, and it would follow from the foregoing decisions that the electors of Hyde County had the right to elect a successor at the general election in November, 1940, to fill the office of state's attorney for the remainder of the term.

██ An office is not vacant so long as there is an incumbent lawfully authorized to exercise the powers and duties which pertain to it. In re Supreme Court Vacancy, 4 S. D. 532, 57 N. W. 495. The legislature by the enactment of SDC 48.0101 has enumerated the events which give rise to a vacancy. It must be conceded that there was no vacancy within the terms of this statute. A vacancy occurring more than thirty days previous to an election at which it may be filled as we have stated is first filled by an appointment of the board of county commissioners and the appointee holds until the next general election when some person may be elected to fill out the remainder of the unexpired term, but the failure to elect a successor for such term does not create a vacancy entitling a person elected for a full term to qualify for the unexpired term. Since a "vacancy" within the meaning of SDC 48.0311 did not exist, it follows that respondent elected for a full term was not required to qualify until the first Monday in January next succeeding his election. It is clear that respondent did not abandon the office to which he was elected by failure to qualify as required by statute.

█ Appellant further contends that respondent was not legally nominated and was not therefore elected to the office of state's attorney. It is claimed that written notice was not given to all members of the democratic central committee convened for the purpose of filling the vacancy in nomination; that a quorum of the committee was not present; and that respondent did not receive a majority vote of the members of the committee. Respondent contends that these objections came too late when made after election. This court has already indicated that a candidate desiring to challenge the nomination of his opponent must act with some diligence. State ex rel. Jacobsen v. Morrison, 63 S. D. 31, 256 N. W. 150; State ex rel. Bakewell v.

Hansen, 67 S. D. 499, 294 N. W. 445. The rule with reference to objections made after election is stated as follows in 29 C. J. S., Elections, § 141:

"Objections relating to nominations must be timely made. It is too late to make them after the nominee's name has been placed on the ballot and he has been elected to office; his election cannot be impeached on the ground that statutory requirements regarding nominations were not complied with in his case, or that his nomination was procured by unlawful means."

In the note in 7 Ann. Cas. 839, it is said: "The American authorities are almost unanimous in holding that objections to irregularities in the nomination of a person for office must be taken prior to the election, and that thereafter it is too late."

Illustrations of the application of the rule may be found in the following cases: Bramley et al. v. Miller et al., 270 N. Y. 307, 1 N. E.2d 111; Sisson ex rel. Flynn et al. v. Lisle et al., 48 R. I. 281, 137 A. 466; Johnson v. Bauchle, 149 Minn. 144, 182 N. W. 987; State ex rel. Smith v. Penner, 124 Kan. 285, 259 P. 785; Cave v. Conrad, 216 Ind. 304, 24 N. E.2d 1010.

The judgment appealed from is affirmed.

All the Judges concur.