**In the Matter of the Petition of Warren (Sarge) SCHMITT, Candidate for the Position of Ramsey County Abstract Clerk in respect of the General Election of 11–7–78, contestant, Appellant,**

v.

**John C. McLAUGHLIN (candidate whose election is contested), contestee, Respondent,**

**Lou McKenna, Director of Property Taxation, Ramsey County, Minnesota (successor to office of Ramsey County Auditor), contestee, Respondent.**

No. 49625.

Supreme Court of Minnesota.

Feb. 2, 1979.

Rehearing Denied March 7, 1979.

---

O'Neill Burke & O'Neill and Michael R. O'Brien, St. Paul, for appellant.

Michael DeCourcy and William Kronschnabel, Suzanne Flinsch, City Atty., St. Paul, for respondent.

WAHL, Justice.

This appeal arises from an election contest brought under Minn.St. 209.02. Contestant Schmitt appeals from a judgment of the Ramsey County District Court filed December 7, 1978, holding that contestee McLaughlin's use of the initials "DFL" in his newspaper advertisements and on his lawn signs did not violate Minn.St. 210A.02. Contestant has filed a notice of review of the order denying his motion to dismiss the notice of contest.

We disagree with the determination below that there was no violation of the statute, but we affirm the trial court's decision under Minn.St. 210A.38.

Contestant and contestee were candidates for the position of Ramsey County Abstract Clerk in the general election held November 7, 1978. After a canvass of the votes completed November 8, 1978, contestee was declared the winner of that election by a margin of some 16,000 votes.

On each day from October 27, 1978 through November 6, 1978, newspaper advertisements promoting contestee's candidacy appeared in the St. Paul Dispatch and the St. Paul Pioneer Press newspapers. In these advertisements, the initials "DFL" appeared above contestee's name. In addition, approximately 75 lawn signs promoting contestee's candidacy were placed along certain main streets in St. Paul. On these signs, the initials "DFL" appeared following contestee's name. These advertisements and signs were prepared and used with contestee's knowledge. Contestee intended that the initials "DFL" refer to the Democratic Farmer Labor party (DFL) and that the voters be influenced by his identification with that party to vote for him. At no time during the campaign did contestee have the support or endorsement of the DFL party.

Four issues are raised on appeal:

(1) whether the district court was deprived of jurisdiction by the contestant's omission of the word "knowingly" from his notice of contest;

(2) whether Minn.St. 210A.02 violates the due process guaranteed by U.S.Const. Amend. XIV and Minn.Const. article 1, sec. 7, in that it is vague, indefinite, and uncertain.

(3) whether contestee's use of the initials "DFL" in his advertisements and on his lawn signs violated Minn.St. 210A.02 by implying that contestee had the support or endorsement of a political party; and

(4) whether contestee's conduct was a "deliberate, serious, and material" violation of Minnesota election law.

1. We consider first the issue of jurisdiction. Minn.St. 209.02, subd. 2, requires the contestant to "file a written notice of contest specifying the points upon which the contest will be made." The contestee argues that the contestant's failure to state in his notice of contest that contestee knowingly violated Minn.St. 210A.02 renders that notice insufficient to confer jurisdiction upon the district court,[1] citing *State v. Moe,* 1973 Ramsey District Court File No. 25580. In the instant case, the district court found the notice of contest materially defective because it lacked the word "knowingly," but immediately granted contestant's motion to amend the notice of contest.

Since both the right to contest an election and the authority of courts to hear and determine an election contest are purely statutory, absent compliance with the statutory requirements, courts are powerless to entertain such proceedings. *Christenson v. Allen,* 264 Minn. 395, 398, 119 N.W.2d 35, 38 (1963). If the original notice was invalid, it could not be validated by amendment after expiration of the statutory period of filing the original notice in this case, November 16, 1978. See, *Hancock v. Lewis,* 265 Minn. 519, 122 N.W.2d 592 (1963).

Because an election contest is a special proceeding tried as a civil action, the rules governing civil actions prevail. Minn.St. 209.04; see, *Phillips v. Ericson,* 248 Minn. 452, 80 N.W.2d 513 (1957). Although it may be proper for a trial court to dismiss a criminal indictment which lacks specific allegation of one of the essential elements of the offense, we find that in this proceeding, which is being tried as a civil case, the original notice was sufficient to apprise contestee of the grounds of the contest and to give him a fair opportunity to meet the asserted claims. See, *Christenson v. Allen, supra, Moon v. Harris,* 122 Minn. 138, 142 N.W. 12 (1913). The trial court properly took jurisdiction, and we so hold.

2. Contestee challenges the constitutionality of Minn.St. 210A.02 on the grounds that it violates the due process guaranteed by the federal and state Constitutions in that it is both overbroad and void for vagueness. The statute provides:

"No person or candidate shall knowingly, either by himself or by any other person, while such candidate is seeking a nomination or election, make, directly or indirectly, a false claim stating or implying that the candidate has the support or endorsement of any political party, or unit thereof, or of any organization, when in fact the candidate does not have such support or endorsement."

Contestee's due process challenge is based upon the First Amendment guarantee of free speech. Although political speech is generally given substantial protection and this statute does regulate political speech, the statute is not necessarily unconstitutional. First, it regulates only "false" statements. The United States Supreme Court has stated that "[u]ntruthful speech, . . . ., has never been protected for its own sake." *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 771, 96 S.Ct. 1817, 1830, 48 L.Ed.2d 346, 364 (1976); see, *Bates v. State Bar,* 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977). Second, the regulation

---

1. Under Minn.St. 210A.02, the prohibited conduct must be engaged in "knowingly" in order to be a violation.

is directed specifically at false claims of endorsement or support. Thus, it is narrowly drawn to serve a governmental interest in protecting the political process. Third, because it is narrowly drawn, it is not so vague that persons of common intelligence are unable to determine what conduct will violate it. See, *State v. Suess,* 236 Minn. 174, 179–83, 52 N.W.2d 409, 414–15 (1952). Whether a person has the endorsement or support of a political party can be objectively determined. Only the word "imply" in the statute is subject to some interpretation, but we find its common meaning of "hint" or "suggest" to be clear. We hold the statute to be sufficiently narrow and specific to withstand the due process challenge of overbreadth and vagueness.

3. The crucial issue in this appeal is whether contestee's use of the initials "DFL" in his advertisements and on his lawn signs violated Minn.St. 210A.02 by implying that he had the support or endorsement of a political party.

Without explaining the basis for its finding, the trial court found that contestant did not prove such a violation. Contestant's witness, a local journalist, inferred from the contestee's advertisements and lawn signs that he was endorsed by the DFL party and so indicated in an editorial shortly after the election. In contrast, contestee's witnesses, his brother and a supporter, both of whom are active in local DFL politics, testified that the use of the initials indicated nothing more to them than that contestee was identifying himself as a member of the DFL party. Exhibits submitted by both parties indicate that the advertising of endorsed candidates in this election campaign may have included the words "endorsed by" or may have simply included the name or initials of the party.

■ Given such campaign advertising by endorsed candidates, contestant's use of the initials "DFL" would imply to the average voter that contestee had the endorsement or, at the very least, the support of the DFL party. To hold otherwise would render the word "imply" meaningless. Such a result could not have been intended by the Legislature.

*Moon v. Halverson,* 206 Minn. 331, 288 N.W. 579 (1939), cited by contestee, is not in point. Although election to the office of abstract clerk is on a nonpartisan basis, contestee could have informed the voters of his political affiliation, had he done so clearly by the use of such words as "member of" or "affiliated with" in conjunction with the initials "DFL." Furthermore, any political party could have endorsed a candidate for this office and informed the voters of that endorsement. Minn.St. 210A.02 only prohibits implying that one has endorsement or support of a political party when in fact he does not have it.

■ 4. Having found that contestee's conduct violated Minn.St. 210A.02, it is necessary to determine whether the violation was a serious, deliberate, and material violation of the provisions of Minnesota election law as required by Minn.St. 209.02, subd. 1. For a violation to be "deliberate," it must be intended to affect the voting at the election. See, *Effertz v. Schimelpfenig,* 207 Minn. 324, 291 N.W. 286 (1940). The trial court specifically found that the contestee's use of the initials "DFL" was intended to affect the election in his favor. A "serious" violation is one that is not trivial. The use by contestee of 75 lawn signs and daily advertising in the two largest county newspapers for 10 days prior to the election removes this violation from the trivial category. As to materiality, there is no question that for a candidate to imply that he has the support of a political party, which support he does not in fact have, is a material violation of the provisions of Minnesota election law.

■ 5. Violation of Minnesota election law does not necessarily mean that the candidate elected must be deprived of his office. Minn.St. 210A.38 provides that where the act "complained of arose from accidental miscalculation or from some other reasonable cause of like nature, and in any case did not arise from any want of good faith, and under the circumstances it seems to the court to be unjust that the candidate shall forfeit his . . . office," the penalty of removal need not be imposed. See, *Bank v. Egan,* 240 Minn. 192, 200, 60 N.W.2d 257, 262 (1953). In this case, contestee believed

that his use of the initials "DFL" on his lawn signs and in his advertisements did not violate section 210A.02. It seems clear from the record that contestee intended only to indicate to the voters that he was a member of the DFL party. In fact, in response to a letter from contestant objecting to his use of the initials "DFL", contestee suggested that contestant could also indicate his own political party affiliation. Contestant has indicated that he too would have identified himself with the DFL party. In light of these circumstances, where it appears that contestee's conduct did not arise from any lack of good faith, it would be unjust to require him to forfeit his office.

Further, it would be unjust to deprive contestee of his victory in an election such as this one, in which the DFL candidates for Governor and two United States Senate seats were overwhelmingly defeated in Ramsey County, yet contestee prevailed in his contest by a margin of 16,000 votes. It does not appear that identification with the DFL party was a factor in contestee's victory. The expression of the will of the voters of Ramsey County will not be overturned lightly.

Affirmed.