Howard HEIKKILA, a/k/a Howard L. Heikkila, and Reino Heikkila, a/k/a Reino W. Heikkila, Plaintiffs/Appellees,

v.

Russell CARVER and Norma Carver, Defendants/Appellants.

No. 15727–a–GWW.

Supreme Court of South Dakota.

Argued Oct. 6, 1987.

Decided Dec. 2, 1987.

Edward J. Nelson of Bennett and Main, Belle Fourche, for plaintiffs/appellees.

John J. Delaney of Banks, Johnson, Johnson Colbath & Huffman, Rapid City, for defendants/appellants.

WUEST, Chief Justice.

Appellants, Russell and Norma Carver (Carvers) appeal an award of damages against them. We affirm.

The Carvers purchased a ranch from Howard and Reino Heikkila (Heikkilas) in January, 1979. After paying almost one-third of the purchase price, Carvers failed to make the January, 1984 payment when due. Heikkilas brought an action of foreclosure in March, 1984. Judgment for Heikkilas was entered and later affirmed on appeal. *See Heikkila v. Carver*, 378 N.W.2d 214 (S.D.1985).

As a result of the appeal and a stay in bankruptcy, Carvers retained possession of the ranch until February, 1987. After the stay was vacated, Heikkilas sought to recover possession of the ranch and damages under a supersedeas bond.

Heikkilas sought to recover the reasonable rental value of the property for the period that Carvers remained in possession following judgment of foreclosure. The trial court held a show cause hearing on January 7, 1987. The issue was the reasonable rental value for the time period. The Heikkilas claimed they should receive $6.00 an acre for 1984 and 1985, $4.00 an acre for 1986, and $3.00 an acre for 1987. The Carvers advocated $3.00 an acre for 1984 and 1985, $2.50 an acre for 1986, and $2.00 an acre for 1987.

In a ruling from the bench, the trial court concluded the values should be $4.50 an acre for 1984 and 1985, $4.00 an acre for 1986, and $3.00 an acre for 1987. The court directed Heikkilas' attorney to draft an order using these values. Carvers' attorney did not object to the procedure but requested the order include credits for Carvers' expenditures on insurance, taxes, and state land contract payments. The court granted the request. After Heikkilas submitted the proposed order, Carvers sub-

mitted their objections to the proposed order, offered proposed findings of fact and conclusions of law, and submitted their own proposed order, which were allowed by the court in compliance with SDCL 15–6–52(a).

On appeal, Carvers argue that the trial court should have entered separate findings of fact and conclusions of law on reasonable rental value and this court should remand for such entry of findings of fact and conclusions of law. For purposes of their second argument, however, Carvers treat the court's decision on reasonable rental value as a finding of fact and assert the court's determination of value was clearly erroneous.

SDCL 15–6–52(a) states that:

In all actions tried upon the facts without a jury ... the court shall unless waived ... find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to § 15–6–58 ... The court shall not sign any findings therein prior to the expiration of five days after service of the proposed findings during which time the parties may in writing submit it to the court and serve on their adversaries their objections or additional proposals. Thereafter the court shall make or enter such findings and conclusions as may be proper ... Findings of fact and conclusions of law are unnecessary on decisions of motions under § 15–6–12 or 15–6–56 or any other motion except as provided in § 15–6–41(b) ...

■ Carvers argue this case should be decided under *Voth v. Voth*, 305 N.W.2d 656 (N.D.1981), where the court held a motion which necessitates the resolution of conflicting evidence should be considered "an action tried upon the facts" that requires specific findings of fact and conclusions of law under Rule 52(a). Heikkilas argue the order was not a "judgment," but was a ruling on a motion which did not require specific findings of fact or conclusions of law. We agree that when a motion necessitates the resolution of conflicting facts, specific findings of fact and conclusions of law should be entered under SDCL 15–6–52(a). *Voth, supra.*

■ The purpose of findings of fact is threefold: to aid the appellate court in reviewing the basis for the trial court's decision; to make it clear what the court decided should estoppel or res judicata be raised in later cases; and to help insure that the trial judge's process of adjudication is done carefully. J. Moore & J. Lucas, 5 A Moore's Federal Practice, ¶ 52.06[1] (1987); C. Wright & A. Miller, 9 Federal Practice and Procedure, § 2571 (1971). Although the appellate court may remand for findings, findings are not jurisdictional, and the appellate court may decide the appeal without further findings if it feels that it is in a position to do so. *Swanson & Youngdale, Inc. v. Seagrave Corp.*, 561 F.2d 171 (8th Cir.1977); *Moore, supra,* ¶ 52.06[2]; *Wright & Miller, supra,* § 2577.

The decision in this case turned upon a factual determination as to what the reasonable rental value of the property should be. In reaching its decision, the court heard evidence on the decline in land values during this period, the unique value of the ranch compared to surrounding lands because of its locality, facilities, and overall quality, and other considerations affecting the reasonable rental value of this particular property. The court found the reasonable rental value of the land and entered its findings in the order. While separate findings of fact would have been appropriate, nevertheless, the order contains the reasonable rental value and credits for insurance, taxes, and state land contract payments, and given the issue decided, separate findings would not have provided any more information. Although we may remand for additional findings of fact, we decline to do so because we can decide this case on the record before us.

■ Carvers argue the trial court's finding of reasonable rental value was clearly erroneous. We disagree.

The Heikkilas testified that the rental value of the property at the time would have been $6.00 an acre for 1984 and 1985, $4.00 an acre for 1986, and $3.00 an acre

for 1987. Their witnesses expressed similar opinions.

Don Hett (Hett), a Harding County rancher, testified that he was currently renting a comparable ranch in Harding County for $3.10 an acre. He testified that, historically, the comparable land he was renting would probably have gone for $5.00 an acre in 1984, $4.50 to $5.00 an acre in 1985, and about $4.00 an acre in 1986. Rex Davis (Davis), owned a ranch bordering the Heikkila/Carver ranch on two sides. Davis testified the values would have been $6.00 an acre in 1984 and 1985, $4.00 an acre in 1986, and $3.00 an acre in 1987. Homer Collins (Collins), another adjoining land owner, also testified the values would have been about $5.00 to $6.00 an acre in 1984 and 1985, $4.00 per acre in 1986, and $3.00 per acre in 1987.

Carvers testified the values should be $3.00 an acre for 1984 and 1985, $2.50 an acre for 1986, and $2.00 an acre for 1987. Stanley Price, a long-time Harding County rancher, and Jack Kindsfater, a Butte County rancher, testified to values on their comparable lands which they placed at rates near those offered by the Carvers.

Based on the testimony of the witnesses the trial court found the reasonable rental value of the property during this period. This finding was not clearly erroneous.

MORGAN, SABERS, and MILLER, JJ., and ANDERSON, Circuit Judge, concur.

ANDERSON, Circuit Judge, sitting for HENDERSON, J., disqualified.