TOWN OF NASEWAUPEE, Plaintiff-Respondent,

v.

CITY OF STURGEON BAY, Defendant-Appellant,†

TOWN OF STURGEON BAY, Defendant.

Court of Appeals

*No. 88–0800. Submitted on briefs September 9, 1988.—Decided September 13, 1988.*

(Also reported in 431 N.W.2d 699.)

† Petition to review denied.

492

For defendant-appellant there were briefs by *Chester C. Stauffacher,* Sturgeon Bay.

For plaintiff-respondent there was a brief by *Jeffrey M. Weir* of *Pinkert, Smith, Weir, Jinkins & Nesbitt,* Sturgeon Bay.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. The City of Sturgeon Bay appeals a declaratory judgment holding that an annexation referendum that ended in a tie nullified all previous proceedings, including the passage of an annexation ordinance. The city argues that a tie is not a vote "against annexation" pursuant to sec. 66.021(5)(g),

Stats., and that sec. 66.021(5)(d), which provides for the language to be contained in an annexation referendum ballot, is directory rather than mandatory. We disagree, and therefore affirm.

The underlying facts are undisputed. The city adopted an annexation ordinance to annex territory located in the Towns of Nasewaupee and Sturgeon Bay. A petition requesting a referendum was signed by at least twenty percent of the electors residing in the annexed area. A referendum was held resulting in a tie vote.

The question on the referendum ballot read: "Shall the area covered in the Christian A. Demmin annexation petition be annexed to the City of Sturgeon Bay?" Directly below the question were two boxes, one designated "yes" and the other one designated "no." Out of the seventy-eight electors who voted on the referendum, thirty-nine marked the "yes" box and thirty-nine marked the "no" box. The Town of Nasewaupee then filed a complaint, and the city filed a counterclaim, in a declaratory judgment action pursuant to sec. 806.04, Stats., requesting the court to construe the referendum results.

The trial court concluded that where a referendum held pursuant to sec. 66.021(5) ends in a tie vote, the annexation fails. It also held that because sec. 66.021(5)(d) is directory rather than mandatory in nature, the results of the referendum were not invalidated merely because the ballot did not contain the express words "for annexation" and "against annexation" as provided for by that statute. Both issues involve statutory interpretation; therefore, they are questions of law, and we owe no deference to the trial court's determination. *Brown v. Thomas*, 127 Wis. 2d 318, 323, 379 N.W.2d 868, 870 (Ct. App. 1985).

The city argues that sec. 66.021(5)(g) unambiguously provides that a tie vote is a vote "for annexation." We disagree because sec. 5.01(4)(d), Stats., controls.

Section 66.021(5)(g) provides:

> If the result of the referendum is against annexation, all previous proceedings shall be nullified. If the result of the referendum is for annexation, failure of any town official to perform literally any duty required by this section shall not invalidate the annexation.

While it is clear that the language of the statute as to what occurs when a majority of votes are cast for one side or the other, the statute is silent as to what transpires in the event of a tie vote.

However, sec. 5.01(4)(d), a general election statute, provides: "If a question is submitted to the electors and an equal number of votes are cast for and against adoption, the question fails adoption." Although generally a specific statute controls over a general one, this rule only comes into play when the two statutes conflict. *See State ex rel. Oman v. Hunkins,* 120 Wis. 2d 86, 90, 352 N.W.2d 220, 222 (Ct. App. 1984). We conclude that because sec. 66.021(5)(g) is silent as to what happens when an annexation referendum ends in a tie, the tie is resolved against annexation pursuant to sec. 5.01(4)(d).

The city also contends, apparently in the alternative, that the referendum is invalid because the ballots did not contain the language provided for in sec. 66.021(5)(d). That section provides:

> The referendum shall be conducted by the town election officials but the town board may

reduce the number of such officials for that election. The ballots *shall* contain the words "For annexation" and "Against annexation" and shall otherwise conform to the provisions of s. 5.64(2). The election shall be conducted as are other town elections in accordance with chs. 6 and 7 insofar as applicable. (Emphasis supplied.)

The city argues that the use of the word "shall" requires the ballot to contain "for annexation" and "against annexation" language and that the absence of that language here invalidates the referendum. Because we conclude that sec. 66.021(5)(d) is directory rather than mandatory, we reject this argument as well.

■

In determining whether a statutory provision is directory or mandatory, we examine factors such as the objectives sought to be accomplished by the statute and the consequences that would follow from alternative interpretations. *State ex rel. Werlein v. Elamore,* 33 Wis. 2d 288, 293, 147 N.W.2d 252, 254–55 (1967). "Strict compliance with a directory statute is not required." *Johnson v. Hayden,* 105 Wis. 2d 468, 483, 313 N.W.2d 869, 876 (Ct. App. 1981). "A statute which 'merely provides that certain things shall be done in a given manner and time without declaring that conformity to such provisions is essential to the validity of the election' should be construed as directory." *Lanser v. Koconis,* 62 Wis. 2d 86, 91, 214 N.W.2d 425, 427 (1974) (quoting *Gradinjan v. Boho,* 29 Wis. 2d 674, 681, 139 N.W.2d 557, 561 (1966)).

■

It should be noted that the supreme court has held that the word "'shall'" can be construed to mean "'may.'" *Lanser,* 62 Wis. 2d at 93–94, 214 N.W.2d at

496

428. "Shall" can be construed as being directory rather than mandatory if that construction is necessary to carry out the legislature's clear intent. *Karow v. Milwaukee County Civil Serv. Comm.,* 82 Wis. 2d 565, 571, 263 N.W.2d 214, 217 (1978).

Generally, as long as the will of the electors can be determined, a statute that has been substantially complied with will be read as directory so as to preserve the will of the elector. *See Lanser,* 62 Wis. 2d at 91, 214 N.W.2d at 427; *McNally v. Tollander,* 100 Wis. 2d 490, 497, 302 N.W.2d 440, 444 (1981). In construing election laws, the will of the electorate should not be defeated. *Stahovic v. Rajchel,* 122 Wis. 2d 370, 377, 363 N.W.2d 243, 246 (Ct. App. 1984). Yet by adopting the city's position we would be doing exactly that.

The trial court found that the ballot was not misleading, and whether the "yes" or "no" box was marked on the ballot, the individual elector's intent was clear. Thus, the format of the ballot substantially complied with the statute and the purpose of the statute was effectuated. In the absence of a clear legislative directive to the contrary, we refuse to read sec. 66.021(5)(d) so as to defeat this clear expression of the will of the electors by invalidating the referendum. Therefore, we conclude that the referendum was valid and that the tie vote is a vote "against annexation" pursuant to sec. 66.021(5)(g).

*By the Court.*—Judgment affirmed.