Dana SORENSON, Plaintiff and Appellee,

v.

Ardene A. RICKMAN, City Finance Officer, Defendant,

and

Leo H. Aldrich, Betty Whittington and Luann LaLonde, Intervenors and Appellants.

No. 17488.

Supreme Court of South Dakota.

Considered on Briefs Jan. 13, 1992.

Decided June 10, 1992.

Harry W. Christianson of Gunderson, Farrar, Aldrich and DeMersseman, Rapid City, for plaintiff and appellee.

Thomas H. Harmon of Tieszen Law Office, Pierre, for intervenors and appellants.

AMUNDSON, Justice.

Intervenors Leo Aldrich, Betty Whittington, and Luann LaLonde (Intervenors) appeal from trial court's entry of a peremptory writ of prohibition on April 5, 1991. We reverse.

FACTS

On January 21, 1991, the Deadwood, South Dakota, city council received a petition for annexation of property commonly known as "Bankrupt Billies." At the time of such filing, Bankrupt Billies was not contiguous with the city of Deadwood's existing city limits. Thus, on February 8, a second annexation petition was filed requesting annexation of certain property owned by Black Hills Light and Power Company (BHP), which, when annexed, would extend Deadwood city limits to be contiguous with Bankrupt Billies.

On February 11, Deadwood city council annexed the BHP land. On February 19, the council annexed the parcel of land described in the Bankrupt Billies petition. On March 4, the Deadwood city council adopted the Bankrupt Billies petition a second time with an additional area of property included and described as "that portion of M.S. 534 lying East of Highway 385 R.O.W. Located in Lawrence County, South Dakota." This area of property was not described in the first resolution adopted by the city council. This latter resolution (hereinafter # 1991–6) was the subject of a petition for election filed by Intervenors on March 18, containing the requisite five percent of registered voters' signatures to refer the adoption of # 1991–6 to a municipal election.

Dana Sorenson (Sorenson) filed an application for a writ of prohibition on March 29, requesting that the court prohibit submission of # 1991–6 to the voters of the city of Deadwood at the regular municipal election of April 9. Shortly thereafter, Intervenors filed a motion to intervene. A hearing was held before the circuit court on April 2, and the trial court granted Intervenors' motion to intervene.

The trial court held a telephonic hearing on April 5 and, at its conclusion, granted Sorenson's peremptory writ of prohibition to keep # 1991–6 out of the municipal election. On April 8, Intervenors filed a motion for special relief with this court seek-

ing a stay of the trial court's order. On that same day, this court granted Intervenors' motion, and on April 9 the voters of Deadwood voted down #1991–6 with a vote of 381 opposed to annexation, 255 in favor. This appeal followed.

## ISSUES

I. Whether trial court erred in granting a writ of prohibition against an election where Sorenson had a plain, speedy, and adequate remedy at law?

II. Whether trial court erred in deciding that the petition for election submitted by Intervenors was fatally defective?

## ANALYSIS

### I. Writ of Prohibition

It is settled law in South Dakota that a writ of prohibition may only be issued where the person seeking the writ is without other plain, speedy, and adequate remedy in the ordinary course of law. SDCL 21–30–2; *S.D. Bd. of Regents v. Heege*, 428 N.W.2d 535 (S.D.1988). Intervenors argue that Sorenson possessed a plain, speedy, and adequate remedy at law through state election contest statutes. They further argue that the writ was jurisdictionally defective because the trial court never made a specific finding that plaintiff did not have a plain, adequate, and speedy remedy at law.

SDCL 15–6–52(a) requires, in pertinent part: "In all actions tried upon the facts without a jury ... the court shall ... find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to § 15–6–58[.]"

■ We have held on numerous occasions that it is the trial court's duty to make required findings of fact, and that failure to do so constitutes reversible error. *Heikkila v. Carver*, 416 N.W.2d 591 (S.D. 1987); *Stanton v. Saks*, 303 N.W.2d 819 (S.D.1981); *Bell v. Midland National Life Insurance Company*, 78 S.D. 349, 102 N.W.2d 322 (1960). As a writ of prohibition may only issue when the person seeking the writ is without other plain, speedy, and adequate remedy in the ordinary course of law, we fail to see how the writ

could have issued without such a finding. We accordingly hold the trial court was required to make a specific finding on the absence of such a remedy prior to issuance of the writ. The failure to make the required finding necessitates a reversal of trial court's issuance of the writ.

■ Notwithstanding the reversal for failure to make the required findings, a review of the state election contest statutes reveals that through the election contest statutes, Sorenson did possess a plain, adequate, and speedy remedy, thus the writ should not have issued. SDCL 12–22–1 provides as follows:

"Contest," as used in §§ 12–22–1 to 12–22–28, inclusive, shall mean a legal proceeding, other than a recount, instituted to challenge the determination of any election under the provisions of this title, *or any municipal*, school, or township *election.* (Emphasis added.)

Since this case involved a municipal election, it would therefore be subject to an election contest. It is also plain from SDCL 12–22–3 that procedures are available to challenge this type of election, when an issue has been referred to popular vote. SDCL 12–22–3 provides:

*Such contest may be instituted by any registered voter who was entitled to vote on a referred or submitted question,* but in such case such contest may be instituted only with the permission of a judge of the court in which such contest is instituted, endorsed upon the complaint before the same is filed. (Emphasis added.)

Thus, the state election contest statutes already provide an adequate remedy at law.

We have previously held that a writ of prohibition is an extraordinary remedy and thus, if another adequate remedy exists, the writ should not issue. *Bd. of Regents*, 428 N.W.2d at 537; *Gilmore v. Sandy*, 50 S.D. 247, 209 N.W. 342 (1926); *State ex rel. Cormick v. Ramsey*, 27 S.D. 302, 130 N.W. 768 (1911). In *Cormick*, we were considering whether a writ of certiorari should have been issued requiring city election

officials from Woonsocket, South Dakota, to certify the returns and ballots of an election on the question of the sale of intoxicating liquors. We held in *Cormick* that the election contest statutes provided an adequate and speedy remedy to challenge the validity of the municipal election results. 27 S.D. at 302, 130 N.W. at 768. We therefore concluded that the extraordinary remedy provided by the writ of certiorari was not necessary, and the petition for the writ was properly dismissed by the trial court. *Id.*

In the present case, Sorenson possesses an adequate remedy at law through the election contest process and is not entitled to issuance of an extraordinary writ. The present case involved a single issue; the city council's adoption of a resolution, and was a municipal election requiring only the voters of Deadwood to respond. The election results would clearly be subject to challenge under SDCL 12–22–1 and 12–22–3, and we therefore find that under the facts of this case with a single issue municipal election, the election contest statutes at SDCL ch. 12–22 provide the requisite remedy at law. Since Sorenson possessed a plain, speedy, adequate remedy, he was not entitled to issuance of the writ.

As stated above, the election was held and the annexation of Bankrupt Billies was defeated by popular vote. Many courts have held that when the will of the voters can be ascertained, courts should uphold the will of the voters. *See, e.g., Neal v. Board of Supervisors, Clarke County*, 243 Iowa 723, 53 N.W.2d 147, 150 (1952); *Schmitt v. McLaughlin*, 275 N.W.2d 587, 592 (Minn.1979); *Town of Nasewaupee v. Sturgeon Bay*, 146 Wis.2d 492, 431 N.W.2d 699, 701 (1988); *Stahovic v. Rajchel*, 122 Wis.2d 370, 363 N.W.2d 243, 246 (1984). The voters of the city of Deadwood expressed their will that there should be no annexation of Bankrupt Billies. We believe the only fair challenge to this expression of the voters' will lies with election contest statutes. We accordingly reverse the trial court's grant of the peremptory writ of prohibition.

## II. Election Petition

In light of our holding that trial court erred in granting the peremptory writ of prohibition, we deem it unnecessary to reach the second issue. Trial court's grant of the peremptory writ is hereby reversed.

MILLER, C.J., and HENDERSON and SABERS, JJ., concur.

WUEST, J., dissents.

WUEST, Justice (dissenting).

I dissent because the majority opinion overrules longstanding settled law of this state. First, whether plaintiff had a plain, speedy, and adequate remedy in the ordinary course of law is a legal question rather than a factual question, and as such, is fully reviewable by this court. *Permann v. Dept. of Labor, Unemp. Ins. Div.*, 411 N.W.2d 113, 117 (S.D.1987). Second, a contest provided by SDCL 12–22–1 does not provide a remedy for an elector or taxpayer to prohibit the illegal expenditure of public funds on a void election (The trial court found the petitions for referendum are defective which the majority opinion does not dispute nor address). Third, we have held for many years that invalid petitions must be challenged before an election, or the invalidity of the petition is waived. *Noel v. Cunningham*, 68 S.D. 606, 5 N.W.2d 402 (1942); *State ex rel. Pryor v. Axness*, 31 S.D. 125, 139 N.W. 791 (1913). Finally, the purpose of SDCL ch. 12–22 is to insure a valid election resulted in a free and fair expression of the will of the voters. In the instant case, the outcome of the election is not the issue. Instead, the question is whether the election was void *ab initio*. *Larson v. Locken*, 262 N.W.2d 752 (S.D. 1978). I would affirm.